## REID *v.* TOWN OF RIPLEY

*(Supreme Court, General Term, Fifth Department. April 16, 1891.)*

DEFECTIVE HIGHWAYS—LIABILITY FOR INJURIES.

    In an action for injuries caused by a defective highway it appeared that at the place of the accident the road was cut in the side of a hill and built up with logs on the lower side, which was not protected by any barrier. The surface of the road was covered with loose stones, and had been since the road was made. The horse stumbled, and both horse and buggy were precipitated down the embankment. Plaintiff's evidence tended to show that he exercised due care, and that his horse was manageable. Defendant's evidence tended to show that plaintiff was well acquainted with the road, and that the horse was difficult to manage. *Held*, that a verdict for plaintiff would not be disturbed.

Appeal from Chautauqua county court.

Action by Hugh C. Reid against the town of Ripley. There was a judgment for plaintiff, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*H. C. Kingsbury*, for appellant. *A. B. Ottaway*, for respondent.

CORLETT, J. In July, 1885, the plaintiff was driving a horse harnessed to a buggy, in which there were two other persons. He was going to the village of Ripley, in Chautauqua county, and took the road that led through what is known as "Gage's Gulf." It was a highway along the bank of a ravine. On the right side there was a sloping high bank, on the left a precipitous descent. The plaintiff, in driving, came to a steep declivity, where the road was very narrow. Between the bank and the road-bed there was a ditch from four inches to four feet deep. At this point the road had been made by cutting down the bank and building up with logs. It was narrow, about nine feet in width. The road-bed had upon it small rolling stones on the surface. These conditions had existed since the building of the road. There was no barricade to prevent a traveler from going over the precipice. As the plaintiff was driving over those stones on the day in question the horse stumbled, and he, with the occupants of the carriage, was precipitated over the bank, together with the horse and carriage. The horse's leg was broken. His estimated value was $150. The carriage was broken, and the occupants, including the plaintiff, injured. An action was brought to recover damages before a justice of the peace of the town of Mina, Chautauqua county, which resulted in a judgment of $150 for the plaintiff. An appeal for a new trial was taken by the defendant to the county court of Chautauqua county. It was had, resulting in a verdict for a like amount. A motion for a new trial was made and denied, and the defendant appealed to this court. The evidence on the part of the plaintiff tended to show that the road at the point of the accident was not guarded on its sides, or in any way protected; also that the plaintiff, in driving, exercised caution and care, and that the horse was manageable. The testimony on the part of the defendant tended to show that the plaintiff was well acquainted with the road, and that the horse was difficult to manage. The evidence, as a whole, required its submission to the

jury, both on the question of the defendant's negligence and the contributory negligence of the plaintiff. No exceptions were taken,.and the sole question presented here is one of fact. The whole subject has been recently considered in this court. *Fay* v. *Town of Lindley*, 11 N. Y. Supp. 355. It was also considered in *Ivory* v *Town of Deerpark*, 116 N. Y 476, 22 N. E. Rep. 1080, and *Holcomb* v. *Town of Champion*, 12 N. Y. Supp. 882. The order and judgment must be affirmed. All concur.