(5 App. Div. 577.)

## WALLER v. TOWN OF HEBRON.

(Supreme Court, Appellate Division, Third Department.   May 21, 1896.)

HIGHWAYS—LIABILITY FOR DEFECTS—EVIDENCE.

In an action for injuries caused by the alleged defective condition of a highway, it appeared that plaintiff's horse became frightened, and went over an embankment, about 19 inches high, where there was no barrier, and upset the cart in which plaintiff was riding.   The place had been in the same condition for more than 20 years and no accident of the kind was shown ever to have occurred there before.   It was on a cross road about a mile long, on which two families resided.  *Held*, that the evidence was not sufficient to sustain a verdict for plaintiff, under Laws 1890, c. 568 (Highway Law) §§ 16, 17, providing that towns shall be liable for injuries caused by defects in the highway due to the neglect of a highway commissioner, and that a commissioner shall be liable to the town for the amount recovered, but that the judgment against the town shall not be evidence of negligence of the commissioner in an action against him by the town.

Appeal from circuit court, Washington county.

Action by Hattie M. Waller against the town of Hebron for personal injuries.   From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes, defendant appeals.   Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Edgar Hull and C. H. Sturges, for appellant.

Whitman & Enches and Potter & Lillie, for respondent.

MERWIN, J.   By section 16 of the highway law (chapter 568 of the Laws of 1890), it is provided that "every town shall be liable for all damages to person or property sustained by reason of any defect in its highways or bridges, existing because of the neglect of any commissioner of highways of such town."   By section 17, it is provided that if, in such a case, a judgment is recovered against a town, the commissioner shall be liable to the town for the amount of the judgment, but the judgment shall not be evidence of the negligence of the commissioner in the action against him. On the morning of August 4, 1892, the plaintiff was riding along a highway in the northwestern part of the town of Hebron, in a two-wheeled vehicle, called a "dogcart," drawn by one horse.   Her husband was with her, and he was driving.   As they passed north-westerly over a small bridge or culvert, the horse, just beyond the bridge, became frightened at something in the direction of some bushes on the right-hand side of the road, and jumped sideways to the left, going down a declivity on that side of the road.   This operated to tip the vehicle, so that, after going about 30 feet, the plaintiff was thrown out, and was injured.   For the damages by her sustained, she has here recovered, on the theory that the commissioners of highways of the town were negligent in omitting to maintain a barrier along the side of the bridge and the approaches thereto.

For some considerable distance upon either side of the bridge or culvert, the traveled part of the highway was substantially on a

level with the bridge. From the east the road came down a side hill, and then turned and crossed the bridge or culvert. This was about 12 feet long across the road, was narrow, and was constructed of stone resting on sides of stone. It was about 3½ feet from the top of the culvert down to the surface of the water, which was quite shallow. From the bank of the stream, the ground westerly along the side of the road gradually rose, until, at about 60 feet from the bridge, it reached the level of the road. The roadbed, as it left the culvert, narrowed up some; so that about 10 feet from the culvert it was about 9 feet wide, and continued that width for about 40 feet. At the point where the horse went off, which was about 10 feet from the culvert, the ground on the left side of the road was, according to the evidence on the part of the plaintiff, about 2½ feet lower than on the top of the road, and the slope was at an angle of about 45 degrees. From the bottom of the slope to the wall, on the margin of the road, a distance of about 10 or 12 feet, it was about level, and was sodded, and there was a sodded bank along the roadway from the bridge westerly, and there was sod on the side of the roadbed. From the bridge there were two tracks on the road, and these were worn more than the center, like an ordinary country road. At the point where plaintiff was thrown, the ground on the left-hand side was about 19 inches lower than the center of the road. According to the evidence on the part of the defendant, the embankment was not so high or so steep, as claimed by plaintiff. On the right-hand side of the road the slant was of much less incline than 45 degrees; was a very moderate slant. There was no barrier or railing at the place in question, and never had been. It had been in the same condition for 20 years and upward, and apparently had been so constructed originally. It was on a crossroad which was about one mile long and on which two families reside, and which is considerably traveled for a crossroad; and it runs through a good farming section, that has been settled and cleared for a long time. Some parts of the town are very hilly, and in the town there are 300 miles of highways and 300 bridges. There are three commissioners of highways.

It was not shown that any accident of this kind had ever occurred there before. A witness was permitted to testify, over the objection and exception of defendant, that at some time (the date not being given) he was driving a loaded double wagon along the curve in the road, and one of the hind wheels got off the bank. Another witness was permitted to testify that in 1885 he saw one Collins driving easterly across the bridge, and his horse fell over the bridge, and lay in the creek. It is very doubtful whether this evidence was competent. Brady v. Railroad Co., 127 N. Y. 46, 27 N. E. 368; Ster v. Tuety, 45 Hun, 49; Thomas, Neg. 587. No fault was found here with the curve, or the width of the bridge. The plaintiff had passed the curve and the bridge before the accident happened.

Upon the facts of the case, the defendant claims that a cause of action was not made out, within the purview of the statute. To

support this contention, the case of Lane v. Town of Hancock, 142 N. Y. 510, 37 N. E. 473, is relied on. In that case the measure of the liability of a town in a case like the present was considered; and although the facts of that case were somewhat different from the facts here, still the principles laid down by the court may be pertinent here. It was held that· a town was not liable unless the negligence of the commissioner was such as to render him liable, under the act, to the town for a recovery had against it. And it was said at page 522, 142 N. Y., and page 473, 37 N. E.:

"We think that this is a case where the town could never be able to recover against the commissioners upon the facts disclosed by the record, and that a recovery ought not to be had, and, for the same reason, no recovery should be had by the plaintiff against the town. The proof was not sufficient to charge the commissioners with personal negligence in the performance of the duties imposed upon them by law, and the motion for a nonsuit at the close of the case should have been granted."

The Lane Case was brought under the provisions of chapter 700 of the Laws of 1881, to which the provisions of the highway law hereinbefore referred to have succeeded, with no apparent intention of making the liability of a town any more burdensome or substantially different from what it was under the act of 1881.

The plaintiff insists that the case of Wood v. Town of Gilboa, 76 Hun, 175, 27 N. Y. Supp. 586, affirmed, without opinion, in 146 N. Y. 383, 42 N. E. 544, is authority to sustain the judgment here. The facts in that case do not fully appear in the report. The injury is stated to have resulted from "falling down a steep embankment of a dugway road in the village of Gilboa." The particulars of the situation are not stated. The degree of care required of a commissioner as to a village road may be substantially different from that required as to a country crossroad. Glasier v. Town of Hebron, 131 N. Y. 447, 452, 30 N. E. 239. There must be such care and conduct on the part of the commissioner as a reasonable and prudent person would ordinarily have exercised under the circumstances of the situation. And although, as a general rule, the necessity of barriers is a question of fact, still, as said in the Lane Case (page 519, 142 N. Y., and page 473, 37 N. E.):

"In every case there is always a preliminary question for the court as to whether there is any evidence upon which a jury could properly find a verdict for the party producing it, and upon whom the burden of proof is imposed. If there is not, the court must direct a nonsuit or a verdict, as the case may require. Pleasants v. Fant, 22 Wall. 116, 120; Linkauf v. Lombard, 137 N. Y. 417, 33 N. E. 472; Hemmens v. Nelson, 138 N. Y. 517, 34 N. E. 342; Filer v. Railroad Co., 49 N. Y. 47."

The question is not, as suggested by the counsel for the plaintiff, whether the town was negligent in failing to erect a barrier, but whether, in that regard, there was a defect in the highway existing, because of the neglect of the commissioners of highways. Applying to the facts of this case the doctrine laid down in the Lane Case, we are of the opinion that the evidence does not sustain the verdict.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.