ADA L. GRANT, Respondent, *v.* TOWN OF ENFIELD, Appellant.

*Negligence — a shallow, basin-like depression in a highway — no right of action against a town arises therefrom.*

The limit of duty imposed upon a town with regard to the condition of its high-ways falls far short of requiring it to make them absolutely safe, under all cir-cumstances, even for those who use them properly.

Where the only evidence of negligence on the part of a town consists in proof that a highway commissioner permitted a hole, which was basin-like in its shape, several feet in length, and only three or four inches deep, to remain in a high-way, the town should not be held to be liable to a person who is injured by reason of the depression.

APPEAL by the defendant, the Town of Enfield, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Tompkins on the 20th day or March, 1896, upon the verdict of a jury rendered after a trial at a Trial Term of the Supreme Court held in and for the county of Tomp-kins, and also from an order entered in said clerk's office on the 27th day of July, 1896, denying the defendant's motion for a new trial made upon the minutes.

*Halliday & Denton*, for the appellant.

*Smith & Dickinson*, for the respondent.

PER CURIAM :

This action was brought to recover damages against the town of Enfield resulting from the alleged negligence of its highway com-missioner, in permitting a hole to remain in one of the highways of said town, in consequence of which the plaintiff was injured.

One of the witnesses for the plaintiff testified that the hole was eight inches deep, but there was a decided preponderance of evi-dence that its depth was only three or four inches ; that it was saucer or basin-like in its shape, and several feet in length.

After a careful consideration of the testimony, we are of the opinion that, under the doctrine laid down in *Waller* v. *Town of Hebron* (5 App. Div. 577); *Lane* v. *Town of Hancock* (142 N. Y. 510), and *Beltz* v. *City of Yonkers* (148 id 67), the court below erred in denying a motion for a nonsuit made by the defendant at the close of the evidence.

The cases cited hold that an action cannot be sustained against a municipal corporation or a town on account of an accident occurring by reason of some slight defect in a highway from which danger was not reasonably to be expected, and which, according to common experience, was not liable to happen.

The highway commissioner of the town of Enfield was not chargeable with negligence, under the above-cited authorities, in failing to repair the slight depression in the street at the place where the plaintiff was injured. As said in *Lane* v. *Town of Hancock* (*supra*, p. 521), "The limit of duty on the part of a town with regard to the condition of its highways falls far short of making them absolutely safe, under all circumstances, even for those who use them properly."

We conclude that the judgment and order should be reversed, and a new trial granted, costs to abide the event.

All concurred.

Judgment and order reversed and a new trial granted, costs to abide the event.