### GRANT v. TOWN OF ENFIELD.

(Supreme Court, Appellate Division, Third Department. December 2, 1896.)

HIGHWAYS—LIABILITY OF TOWN.
　　A town is not liable for personal injuries caused by a depression several feet long and three or four inches deep in a street, as the defect was slight, and it could not have been reasonably expected that danger would ensue therefrom.

Appeal from trial term, Tompkins county.

Action by Ada L. Grant against the town of Enfield for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Halliday & Denton, for appellant.
Smith & Dickinson, for respondent.

PER CURIAM. This action was brought to recover damages against the town of Enfield resulting from the alleged negligence of its highway commissioners in permitting a hole to remain in one of the highways of said town, in consequence of which the plaintiff was injured. One of the witnesses for the plaintiff testified that the hole was eight inches deep, but there was a decided preponderance of evidence that its depth was only three or four inches; that it was saucer or basin like in its shape, and several feet in length. After a careful consideration of the testimony, we are of the opinion that under the doctrine laid down in Waller v. Town of Hebron, 5 App. Div. 577, 39 N. Y. Supp. 381, Lane v. Town of Hancock, 142 N. Y. 510, 37 N. E. 473, and Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401, the court below erred in denying a motion for a nonsuit, made by the defendant at the close of the evidence. The cases cited hold that an action cannot be sustained against a municipal corporation or a town on account of an accident occurring

by reason of some slight defect in a highway, from which danger
was not reasonably to be expected, and which, according to com-
mon experience, was not liable to happen.    The highway commis-
sioner of the town of Enfield was not chargeable with negligence
under the above-cited authorities in failing to repair the slight de-
pression in the street at the place where the plaintiff was injured.
As said in Lane v. Town of Hancock (page 521, 142 N. Y., and page
476, 37 N. E.):

"The limit of duty on the part of a town with regard to the condition of its high-
ways falls far short of making them absolutely safe, under all circumstances, even
for those who use them properly."

We conclude that the judgment and order should be reversed,
and a new trial granted;   costs to abide the event.