(17 App. Div. 158.)

PATCHEN v. TOWN OF WALTON.

(Supreme Court, Appellate Division, Third Department. May 5, 1897.)

HIGHWAYS—DEFECTS—ABSENCE OF FENDER.

While plaintiff was driving a heavily laden wagon up a road dug out on a hillside, and ascending at the rate of 1 foot in 10, one of the iron trace rings in the harness broke, and the wagon ran for about 100 feet, when it went over the enbankment. The ring which broke was known to plaintiff to be worn half through. The road was 16 feet wide, hard, smooth, level from side to side, and in good condition, except that there was no fender on the lower side. The road had been in existence for many years, and no accident of the kind had ever occurred before. *Held*, that the absence of a fender was not negligence, but that plaintiff was negligent in using the defective harness under the circumstances.

Appeal from trial term, Delaware county.

Action by Linus Patchen against the town of Walton for damages. From a judgment for $1,000 damages and $252.23 costs, entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes, defendant appeals. Reversed.

The action was brought to recover damages resulting from injuries to plaintiff, his horses and wagon, under the following circumstances: On June 28, 1894, in the town of Walton, the plaintiff, with his team of horses and a lumber wagon loaded with 4,000 pounds of sand, was driving up grade upon the main public highway, known as the "Unadilla Road," along the west brook, where the road was dug out on the hillside, and ascended at the rate of 1 foot in 10, and was 16 feet wide, hard, smooth, level from side to side, and in excellent condition, except there was no fender or guard upon the downhill side. The declivity from the edge of the road upon that side was about 40 feet, and quite steep. While proceeding up the road, the iron ring which attached the inside tug or trace of the harness to the hame or collar upon the horse next the upper bank broke, and the wagon moved backward down grade, the horses backing with it, for 100 feet, when all went over the side of the road down the bank towards the brook, causing the injuries for which the plaintiff has recovered. The plaintiff had used this harness about eight years in like work. It was not new when he bought it, and the iron rings which united the tug and hame were half worn through. No negligence is charged to the defendant, except the absence of a guard or fender along the roadside. There was but one commissioner of highways in the town of Walton. The roads, of which there are 280 miles in the town, with 84 bridges and 100 sluices, are worked under the money system; there being no path masters. The town is mountainous and hilly, and dugway roads along the hill and mountain sides very common. This highway had been in existence during living memory. It was wide enough, where the accident occurred, for three teams to pass abreast. No accident of this kind had ever before occurred upon it.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Charles S. Andrus, for appellant.
Alexander Neish, for respondent.

LANDON, J. This injury occurred because the well-worn harness upon one of the plaintiff's horses finally broke under the strain of the haul of the heavy load up the grade of the road. The verdict of the jury acquits the plaintiff of contributory negligence. We do not think the evidence supports the verdict in this respect. In the cases where a recovery has been sustained when the inability of the plaintiff to control his horses is one of the concurring causes of his injury,

45 N.Y.S.—10

we can see that, however much other persons were at fault, the plaintiff was not. Here the plaintiff well knew that the two iron links which held the harness together were half worn through. To continue their use in hauling such heavy loads up hill was a kind of "tempting of Providence." In Phillips v. Railroad Co., 127 N. Y. 657, 27 N. E. 978, the rein which broke was not defective. In Putman v. Railroad Co., 47 Hun, 439, the defendant's negligence was the cause of the rein breaking. The burden was upon the plaintiff to show that he was free from negligence in using such a harness. His evidence in this respect simply shows his long indifference to a constantly increasing and obvious risk. The verdict convicts the defendant of negligence because the commissioner of highways had not placed a fender or guard along the brook side of the otherwise excellent road. Reasonable care does not exact extra precaution against the carelessness of others. Before this accident, the need of a fender had not been suggested to the commissioner by any experience. The plaintiff had long used the road, and it had never occurred to him to suggest that any fender was needed. Its safety seemed to be assured by its width, straight course, level condition from side to side, and good bed. The absence of a barrier where one is needed is a defect, but the need is shown by the conditions, and sometimes by experience, as in Bryant v. Town of Randolph, 133 N. Y. 70, 30 N. E. 657, where the embankment was high and curving. In Maxim v. Town of Champion, 50 Hun, 88, 4 N. Y. Supp. 515, the curve in the road misled the plaintiff off the road at night; as was also the case in Ivory v. Town of Deerpark, 116 N. Y. 476, 22 N. E. 1080. In Reid v. Town of Ripley (Sup.) 14 N. Y. Supp. 124, the road was steep, narrow, and covered with loose stones, upon which plaintiff's horse stumbled, and fell over the edge of the road. Morrell v. Peck, 88 N. Y. 398, was the case of a bridge without any railing. The absence of a fender was not considered proof of negligence in Lane v. Town of Hancock, 142 N. Y. 510, 37 N. E. 473; Glasier v. Town of Hebron, 131 N. Y. 447, 30 N. E. 239; Hubbell v. City of Yonkers, 104 N. Y. 434, 10 N. E. 858; Monk v. Town of New Utrecht, 104 N. Y. 552, 11 N. E. 268; Waller v. Town of Hebron, 5 App. Div. 577, 39 N. Y. Supp. 381. But, assuming that the jury could find that the absence of a barrier was a defect, the further burden rested upon the plaintiff to show that its absence was the result of the negligence of the commissioner of highways. Waller v. Town of Hebron, supra; Monk v. Town of New Utrecht, supra. However it may be in cities and incorporated villages, in towns there may be defects in the highways, and very serious ones, without any negligence upon the part of the commissioner of highways. The town of Walton had made an appropriation of $600 for the maintenance for the year 1894 of the 280 miles of roads, the 80 bridges, and 100 sluices in the town. The money system (Highway Law; Laws 1890, c. 568, § 49 et seq.) was in operation in that town, and thus the commissioner had to cover the whole field with this sum of money. As a prudent man, he would not be expected to waste it upon fenders in places where travelers, by taking reasonable care, would not need them. There is no evidence tending to show that the commissioner did not, under all the circumstances, use reasonable care and diligence

in the discharge of his duty. He testified that it had never occurred to him, before the accident to the plaintiff, that the highway, at the place of the accident, needed a fender. A mistake in judgment after such careful consideration as the circumstances require is not negligence. You must show that negligence leads to the mistake in judgment. Even if the commissioner had concluded that a fender would be a good thing at this place, he had to determine between the urgency of this and other calls upon his limited resources. If he had had $6,000 instead of $600 a year to apply to the highways, doubtless his views as to needs would have expanded. As it was, he had to consider and determine how he could best use the little he had. Monk v. Town of New Utrecht, supra.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.