LENA M. MORGAN *vs.* CITY OF LEWISTON.

Androscoggin. Opinion May 28, 1898.

*Way. Defect. Notice. R. S., c. 18.*

This court has always held that the statute which requires cities and towns to
keep their ways "safe and convenient for travelers" means reasonably and
not absolutely safe.

*Held;* that it would be unreasonable and impracticable to require cities and
towns to so construct all their sidewalks that, at the junction of rectangular
streets, they should meet upon exactly the same level.

In an action to recover damages caused by an alleged defective way in the city
of Lewiston, the defect complained of was that the sidewalks at the junction
of Main and Park streets were not on the same level. The Main street walk
was of brick, constructed about a month prior to the accident, with a plank
at the outside of the walk at the junction, and set upon edge, with the top of
the plank flush with the surface of the walk, for the purpose of retaining the
brick in place. 'The Park street walk was of earth with ashes placed next to
the brick sidewalk and extending back on the Park street sidewalk about six
feet.

This latter sidewalk at the junction was slightly lower than the surface of the
brick sidewalk. The difference in level varied somewhat because the dirt
sidewalk was rounding, being higher in the middle, and on one side, than the

other. It was upon one side, and in the middle, from one to two inches lower than the Main street walk, and upon the extreme outside the Park street walk was five and one half inches lower than the top of the plank. Two feet in from this extreme outside the difference in level was but two and three-fourth inches,—the whole width being about six feet.

*Held;* that the condition of the street above described is not a defect within the meaning of the highway statute; *also,* that persons unacquainted with the locality ought to anticipate that, at the junction of two sidewalks in such a place, there might be such a condition in the sidewalks.

Where in such an action the statute requires the person injured to set forth his claim for damages, it does not mean that the damages must be specified or that the amount claimed must necessarily be stated. The notice is sufficient in this respect if the sufferer sets forth in his notice that he makes claim for damages.

*Sawyer* v. *Naples*, 66 Maine, 453, and *Lord* v. *Saco*, 87 Maine, 231, considered and discussed.

ON REPORT.

This was an action on the case to recover damages for an injury to the plaintiff, on the evening of December 31, 1895, while traveling along Park street toward Main street, in the city of Lewiston, caused by her feet striking against a plank crosswise of the Park street walk, at its junction with the inside line of the sidewalk on Main street, placed there edgewise for the purpose of holding the brick of the Main street walk in place, and projecting above the surface of the Park street walk, with a perpendicular face toward Park street from five and one-half inches on the inside to two inches in the middle of the walk and three-fourths inches on the outside. The notice served upon the municipal officers by the plaintiff, according to the statute, is as follows:—

"You are hereby notified, that at about six o'clock on the evening of December 31, 1895, while walking in a northerly direction along the sidewalk located on the easterly side of Park street in said Lewiston, my feet encountered an obstruction and defect in said sidewalk which caused me to be thrown violently to the ground, thereby receiving injuries to my left leg, for which I claim damages from the city of Lewiston.

"Said injuries consisted of a bruise to the flesh and a spraining of the ligaments of my left knee, and a bruise to the flesh of my left leg from the knee to the ankle, and a complete fracture of

the tibia or front bone of the left leg, about half way between the knee and ankle; and of a bruise to the flesh and a spraining of the ligaments of my left ankle. [Here follows a description of the defect in the street or way.]

"Dated at Lewiston, Maine, this 7th day of January, 1896.

Lena M. Morgan."

*W. H. Newell and W. B. Skelton,* for plaintiff.

Counsel argued:—1. This plank constituted a defect. 2. The city placed it there and had notice of its precise condition. 3. That the plaintiff did not know of its existence. 4. That the plaintiff was rightfully on the walk, traveling in a careful and prudent manner. 5. That the plaintiff was injured through the negligence of the defendant. 6. That after the injury the plaintiff notified the defendant of the nature of the injury, the nature and location of the defect and her claim for damages, within fourteen days after the accident. 7. That the plaintiff suffered injuries for which the defendant is liable to the plaintiff in damages. The sidewalk is made to accommodate foot travel, and the traveler has the right to expect it to be reasonably smooth, free from structural defects and safe for travel.

It admits of little doubt that, in a comparatively dark street, within a line of buildings within from two to five feet of the sidewalk, at 6 o'clock the last day of December, a plank placed across a walk so as to present a perpendicular face of from five and one-half to two inches above the level of the sidewalk presents such an obstruction as would be likely to cause a person to trip and fall. She had a right to suppose that the connection of these two sidewalks was on a level so as not to subject her to unnecessary or unexpected dangers.

She was not to cross a street where she would have to step down from the surface of the walk or curbing to the surface of the street. But she had the right to expect that she was to travel around the corner of Park street and Main street upon a comparatively level surface.

Notice:— As held in *Sawyer* v. *Naples,* 66 Maine, 453, it is far better practice to state the nature of the injury, the nature and

location of the defect and that the plaintiff claimed damages, without annexing the absurdity that the plaintiff claimed damages in the sum of two thousand dollars.

*Harry Manser*, city solicitor, for defendant.

Defect:— *Moore* v. *Abbot*, 32 Maine, 46; *Church* v. *Cherryfield*, 33 Maine, 460; *Witham* v. *Portland*, 72 Maine, 539; *Raymond* v. *Lowell*, 6 Cush. 524, 533.

Due care:— *Mosher* v. *Smithfield*, 84 Maine, 334, and cases; *Thompson* v. *Bridgewater*, 7 Pick. 187; *Adams* v. *Carlisle*, 21 Pick. 146.

Notice:— *Low* v. *Windham*, 75 Maine, 113; *Veazie* v. *Rockland*, 68 Maine, 511; *Hubbard* v. *Fayette*, 70 Maine, 121; *Goodwin* v. *Gardiner*, 84 Maine, 278; *Sawyer* v. *Naples* has been overruled in *Wagner* v. *Camden*, 73 Maine, 486; and *Lord* v. *Saco*, 87 Maine, 231.

SITTING: PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WISWELL, STROUT, SAVAGE, JJ. EMERY and SAVAGE, JJ., concurred in so much of the opinion as relates to the sufficiency of notice.

WISWELL, J. Action to recover for personal injuries sustained by the plaintiff through an alleged defect in a street of the defendant city.

The defective condition complained of is, that at the junction of Main and Park streets, the sidewalks were not on the same level. The Main street walk was of brick, constructed about a month prior to the accident, with a plank at the outside of the walk, at the junction, set upon edge, with the top of the plank flush with the surface of the walk, for the purpose of retaining the brick in place. The Park street walk was of earth, with ashes placed next to the brick sidewalk and extending back on the Park street sidewalk for about six feet.

This latter sidewalk at the junction was slightly lower than the surface of the brick sidewalk. The difference in level varied somewhat because the dirt sidewalk was rounding, being higher in the

middle and on one side than on the other. The Park street walk upon one side and in the middle was from one to two inches lower than the Main street walk and upon the extreme outside of the Park street walk it was five and one-half inches lower than the top of the plank. Two feet in from this extreme outside the difference in level was but two and three-fourths inches, the whole width being about six feet.

The first question is, whether or not the condition above described was a defect within the meaning of the highway statute. The case comes to the law court upon report and we are given jury powers in passing upon all questions of fact.

This court has always held that the statute which requires cities and towns to keep their ways, "safe and convenient for travelers" means reasonably, not absolutely safe. Was this particular place, taking into account its location and all surrounding circumstances, reasonably safe for persons having occasion to pass over it, who upon their part were in the exercise of due care? We think it was. These sidewalks were upon different streets. In our opinion it would be unreasonable and impracticable to require of cities and towns that they should so construct all of their sidewalks, that at junction of rectangular streets the sidewalks should meet upon exactly the same level.

The difference in level here complained of was not so much as ordinarily exists between a sidewalk and a street crossing. True, it is said, that this would be expected in the latter case, but we think that a person in the exercise of due care, who was unacquainted with the locality ought to anticipate that, at the junction of two sidewalks, in a place such as was this, there might be exactly such a condition as is here complained of.

In *Witham* v. *Portland*, 72 Maine, 539, this court held as a matter of law, after a jury had found the other way, that a depression in the sidewalk of the defendant city, six and one-half inches below the surface of the walk, and eight and one-half inches in width from a basement window, about one-half of which was within the limits of the walk was not a defect. A much stronger case for the plaintiff, we think, than this.

Although this conclusion disposes of the case, we think it proper to refer to another position of the defense. The statute requires a person injured by reason of a defective way, to give the municipal officers written notice within fourteen days after the accident, and among other things therein to, " set forth his claim for damages." In the recent case of *Lord* v. *Saco*, 87 Maine, 231, it was said in the opinion of the court, referring to this requirement, " we think this fairly implies that the amount of his claim should be stated." In the notice in this case the amount of the plaintiff's claim for damages was not stated. After referring to the accident, the plaintiff says in her notice, " for which I claim damages from the city of Lewiston."

If the statute is correctly construed in *Lord* v. *Saco*, supra, this notice was insufficient. But this court held in *Sawyer* v. *Naples*, 66 Maine, 453, when the statute in this respect was the same as now, that it was not necessary that the amount of damages should be stated in dollars and cents. It is not unnatural that there should be considerable doubt among members of the profession as to which of these conflicting cases would be sustained.

We do not think that the court in *Lord* v. *Saco* intended to overrule *Sawyer* v. *Naples*. If that had been the intention it would have clearly appeared in the later case. In *Lord* v. *Saco*, the notice was clearly insufficient in other respects, there was no description whatever of the nature of the defect, nor was there any specification, as required by statute, of the nature of the injury. The insufficiencies of the notice in that case were so glaring that the members of the court passed over without noticing one of the reasons given in the opinion. And we believe that the learned justice who prepared the opinion did not at the time have in his mind the earlier case.

The case of *Sawyer* v. *Naples*, was decided in 1876, since which time the statute has remained unchanged in this respect; if the legislature had desired that the claim for damages should be more specifically made, than the construction placed thereon by the court required, it could have easily amended it. This court did not intend, after the statute had remained unchanged for twenty years

with the construction placed upon it by the court in *Sawyer* v. *Naples*, to change that construction so as to give it an entirely different meaning.

The court is of the opinion that where the statute requires a person injured to set forth his claim for damages, it does not mean that the damages must be specified or that the amount claimed must necessarily be stated. The notice is sufficient in this respect if the sufferer sets forth in his notice that he makes claim for damages.

Although this question was not involved in the decision of the present case, because of our conclusion that no defect existed, still we have thought that in view of the conflict of the two cases above referred to it was proper to express the opinion of the court upon the subject.

*Judgment for the defendant.*