MILDRED GIBBS v. GIRARD (VIL.).

LIABILITY OF MUNICIPALITIES FOR DEFECTS IN SIDEWALKS DOES NOT INCLUDE SLIGHT DEPRESSIONS OF NOT MORE THAN TWO INCHES.

Reasonable care is all a municipal corporation is charged with in the maintenance of its sidewalks, and it is not liable for slight depressions not exceeding two inches, unless there be something in the condition of the depression specially calculated to cause an injury.

[Syllabus by the court.]

ERROR to common pleas court.

Gibbs v. Girard.

*Pierson & Casey,* for plaintiff in error:

Duty and responsibility of city, *Cardington (Vil.)* v. *Fredericks,* 46 Ohio St. 447 [21 N. E. Rep. 766]; Wood, Nuisances Sec. 307; Shearman & Redfield, Negligence Sec. 350; *Hewison* v. *New Haven,* 34 Conn. 136; 28 Cyc. 1341; *Dayton* v. *Glaser,* 76 Ohio St. 471 [81 N. E. Rep. 991; 12 L. R. A. (N. S.) 916].

Condition of walk, and liability to cause injury, question of fact for the jury. 15 Am. & Eng. Enc. Law 440, 441; Shearman & Redfield, Negligence Sec. 350; *Goodfellow* v. *New York,* 100 N. Y. 15 [2 N. E. Rep. 462]; *Bullock* v. *New York (City),* 99 N. Y. 654 [2 N. E. Rep. 1]; *Heckman* v. *Evenson,* 7 N. D. 173 [73 N. W. Rep. 427]; *Williams* v. *West Bay City,* 126 Mich. 156 [85 N. W. Rep. 458]; *Fordham* v. *Gouverneur (Vil.),* 160 N. Y. 541 [55 N. E. Rep. 290]; *Lawrence (City)* v. *Littell,* 9 Kan. App. 130 [58 Pac. Rep. 495]; *Osage (City)* v. *Brown,* 27 Kan. 74; *Laurie* v. *Ballard (City),* 25 Wash. 127 [64 Pac. Rep. 906]; *Keen* v. *Havre de Grace (City),* 93 Md. 34 [48 Atl. Rep. 444]; *Ladrick* v. *Green Island,* 103 App. Div. 71 [92 N. Y. Supp. 622]; *Dickerman* v. *Weeks,* 108 App. Div. 257 [95 N. Y. Supp. 714; *Corson* v. *New York (City),* 113 App. Div. 679 [99 N. Y. Supp. 921]; *Sawyer* v. *Newburyport (City),* 157 Mass. 430 [32 N. E. Rep. 653]; *Bullock* v. *New York,* 99 N. Y. 654 [2 N. E. Rep. 1]; *Glantz* v. *South Bend,* 106 Ind. 305 [6 N. E. Rep. 632]; *Urtel* v. *Flint City,* 122 Mich. 65 [80 N. W. Rep. 991]; *Rhyner* v. *Menasha (City),* 107 Wis. 201 [83 N. W. Rep. 303]; *Baxter* v. *Cedar Rapids,* 103 Iowa 599 [72 N. W. Rep. 790]; *Aurora (City)* v. *Cox,* 43 Neb. 727 [62 N. W. Rep. 66]; *Wilkins* v. *Flint City,* 128 Mich. 262 [87 N. W. Rep. 195]; *Patterson* v. *Council Bluffs,* 91 Iowa 732 [59 N. W. Rep. 63]; *Wedderburn* v. *Detroit,* 144 Mich. 684 [108 N. W. Rep. 102]; *Loan* v. *Boston,* 106 Mass. 450; *McLean* v. *Boston,* 180 Mass. 69 [61 N. E. Rep. 758]; *Lamb* v. *Worcester,* 177 Mass. 82 [58 N. E. Rep. 474]; *Redford* v. *Woburn (City),* 176 Mass. 520 [57 N. E. Rep. 1008]; *Welsh* v. *Amesbury,* 170 Mass. 437 [49 N. E. Rep. 735]; *Watertown* v. *Greaves,* 112 Fed. Rep. 183 [50 C. C. A. 172].

The city was, under the circumstances, chargeable with

notice of the condition of this sidewalk. *Denver* v. *Hyatt*, 28 Colo. 129 [63 Pac. Rep. 403]; *Turner* v. *Newburg*, 109 N. Y. 301 [16 N. E. Rep. 344; 4 Am. St. Rep. 453]; *Mathews* v. *Toledo*, 11 Circ. Dec. 375 (21 R. 69); *affirmed*, no op., *Toledo* v. *Mathews*, 65 Ohio St. 561; *Cincinnati* v. *Frazer*, 9 Circ. Dec. 487 (18 R. 50); *Alliance* v. *Campbell*, 6 Circ. Dec. 762 (17 R. 595); *affirmed*, no op., *Alliance* v. *Campbell*, 53 Ohio St. 650; *Kunz* v. *Troy*, 104 N. Y. 344 [10 N. E. Rep. 442; 58 Am. Rep. 508]; *Weed* v. *Ballston* (*Vil.*), 76 N. Y. 329; *Hodges* v. *Waterloo*, 109 Iowa 444 [80 N. W. Rep. 523]; *Crumlich* v. *Harrisburg*, 162 Pa. St. 624 [29 Atl. Rep. 707]; *Lambert* v. *Pembroke*, 66 N. H. 280 [23 Atl. Rep. 81]; *Urtel* v. *Flint*, 122 Mich. 65 [80 N. W. Rep. 991]; *Padelford* v. *Eagle Grove*, 117 Iowa 116 [91 N. W. Rep. 889]; *Carroll* v. *Allen*, 20 R. I. 144 [37 Atl. Rep. 704]; *Downs* v. *Smyrna* (*Comrs.*), 2 Penn. (Del.) 132 [45 Atl. Rep. 717]; *Lord* v. *Mobile*, 113 Ala. 360 [21 So. Rep. 366].

. *Gillmer & Gillmer* and *Wade R. Deemer*, for defendant in error.

**POLLOCK, J.**

This case is in this court on petition in error to reverse the judgment of the court of common pleas of this county.

The plaintiff in error brought suit in the court below to recover damages for a personal injury she claims to have sustained by reason of a defective sidewalk in the streets of defendant village.

She claims that after night, on August 7, 1909, she was going north on the west side of State street in said village, at a point between Elm and Cherry streets, and in stepping over a depression of about two inches in the pavement she fell and was injured.

She further says that her injury was caused by the negligence of the defendant in permitting this depression to be and remain in said sidewalk.

To this petition the defendant's answer is a denial that the street was in this condition, and a denial of any act of negli-

Gibbs v. Girard.

gence on the part of defendant, and also alleges contributory negligence on the part of plaintiff.

To the latter defense plaintiff filed a reply denying contributory negligence.

In the trial of the case in the court below, at the close of plaintiff's testimony, on motion of defendant the court directed a verdict in favor of defendant, and the sustaining of this motion is assigned as error in this court.

The testimony in this case tends to show that at the point claimed in the petition, as you go north, you pass over a concrete pavement, and just north of the concrete pavement is a flagstone pavement; that at the time of the injury claimed the flagstone pavement was two inches lower than the concrete; that this depression in the pavement had existed for a long time, at least a year or more; that the plaintiff was a stranger in the village of Girard, and had no knowledge of this depression except what she had or should have had by passing south over it a short time before the accident. That plaintiff, in walking, turned her toes out more than is usually done. That on this night between nine and ten o'clock she was going north over this pavement, and in stepping from the concrete pavement on to the flagstone she fell and was injured. That at the time of the injury it was dark at this point, either because the street lights were not burning, or from some other cause.

There was also testimony tending to show that at least two other persons, prior to this suit, had stumbled over this depression, and that one person had fallen.

Now, these are substantially the facts in this case, and a motion to direct a verdict for the defendant was insisted upon in the court below, and is insisted on here, for three reasons:

First. That the plaintiff by her own testimony has raised a presumption of contributory negligence on her part.

We think, so far as the contributory negligence on plaintiff's part is concerned, there was not such a presumption as would have justified a trial court in directing a verdict.

Second. It is urged that the testimony in this case fails

to show any express or implied notice to this defendant of the condition of the sidewalk.

We think the testimony shows that the depression had existed for such a length of time that it was at least a question for the jury to determine whether or not the village had constructive notice of the condition of the sidewalk.

Third. That the defect in the sidewalk, as shown by the testimony, is, as a matter of law, not such a defect that plaintiff can recover, and that the court was authorized, as a matter of law, to say that the village was not negligent in permitting such a defect in the street.

This is the real question in this case. Is a court authorized to say, as a matter of law, that a village is not negligent in permitting a depression of two inches in its sidewalk?

It is a duty imposed upon a municipality by statute to keep the sidewalks within a corporation open, in repair, and free from nuisance. Whether permitting a particular defect in a sidewalk constitutes negligence on the part of a village is a question for the jury, unless the court can say that the defect causing the injury to one using the sidewalk in an ordinary way, could not reasonably have been anticipated from its existence. The law imposes upon a municipality the duty only of using ordinary care to see that its streets and sidewalks are safe for travel, and if it uses this care it is not liable.

"A municipal corporation is charged with the duty of keeping its streets free from nuisance and in a reasonably safe condition for travel in the usual modes, but it is not an insurer of the safety of persons using them, and when they are in that condition it is not chargeable with negligence, although an accident happens in the use of the streets." *Dayton* v. *Glaser,* 76 Ohio St. 471 [81 N. E. Rep. 991; 12 L. R. A. (N. S.) 916].

This was an action seeking to recover damages against the city of Dayton caused to one riding in a vehicle in a driveway on the street, by the wheels of the vehicle dropping into ruts that had been worn in the pavement. The trial court, at the close of plaintiff's testimony, made the same order as was made

Gibbs v. Girard.

in the case at bar, and such judgment of the trial court was affirmed by the Supreme Court.

In the opinion in that case the court cite and quote from the case of *Beltz* v. *Yonkers*, 148 N. Y. 67 [42 N. E. Rep. 401], which holds that the city was not liable for an accident which happened on a sidewalk where the depression in the sidewalk was two and one-half inches deep.

They also cite the case of *Grant* v. *Enfield*, 11 App. Div. 358 [42 N. Y. Supp. 107], where the court reversed a judgment for error in denying a nonsuit where the depression was only three or four inches deep.

They further cite *Morgan* v. *Lewiston*, 91 Me. 566 [40 Atl. Rep. 545], where the court held, as a matter of law, that a sidewalk was in reasonably safe condition where at the junction of two sidewalks at the intersection of two streets there was a depression of five or six inches.

In this case counsel on both sides have been very diligent in citing authorities bearing upon this question. Authorities have been cited where municipalities have been held for defects in sidewalks of less than two inches; others have been pointed out where the defect has been much greater, and it would be impossible to reconcile all of these cases.

In the case of *Terry* v. *Perry*, 199 N. Y. 79 [92 N. E. Rep. 91], they lay down a rule which in a measure tends to distinguish these cases, or at least distinguish the New York cases.

"A municipality is not as a matter of law responsible for injuries arising from slight depressions or difference in grade in sidewalks, except when the depression is peculiar and specially calculated to result in injury to pedestrians."

We think this is the true rule which should govern in cases of this kind. Reasonable care does not require the authorities of a municipality to anticipate that injury will occur to persons walking on the sidewalk, from a slight depression of two inches, unless there be something in the depression peculiarly calculated to cause an injury.

The law does not require perfectly smooth sidewalks, and

that the sidewalk be free from every inequality. Such a degree of care would be beyond the reasonable requirements on the part of a village, and common observation teaches us that it does not obtain on the sidewalks in any village.

In this case there was nothing peculiar or special about this depression. The only condition out of the ordinary was that the testimony showed that it was dark on the pavement at this point.

When the question is debatable whether or not a claimed defect is negligence, evidence of prior accidents may be received for the purpose of showing that by actual experience the depression was calculated to cause the accident; but the evidence of prior accidents cannot be sufficient of itself to sustain a charge of negligence, and to lay the foundation for damages, because of the maintenance or mere peculiar construction of the pavement or sidewalk. There must be evidence of such a fundamental condition of things as will at least permit the inference that the party complained of has failed to discharge the duties reasonably and fairly imposed upon him by law. *Gastel* v. *New York*, 194 N. Y. 15 [86 N. E. Rep. 833; 128 Am. St. Rep. 540]; *Terry* v. *Perry, supra.*

In this case the depression was in a public street. There was nothing peculiar or special about it. At the north edge of the concrete pavement the flag pavement had either been laid or sunk two inches lower. It was a public street where there was much travel every day, and it had been there for some time. The mere fact that three persons, prior to this accident, had stumbled or fallen would not be sufficient to draw the inference that it was peculiarly dangerous.

The court below held as a matter of law that this sidewalk was in a reasonably safe condition, and in so holding we find no error.

**Metcalfe** and **Norris, JJ.,** concur.