KEEN, Respondent, v. CITY OF MITCHELL, Appellant.

(157 N. W. 1049.)

(File No. 3755.   Opinion filed May 20, 1916.   Rehearing denied July 10, 1916.)

1.  **Municipal Corporations—Depression in Street—Negligence.**

A depression in a street, about 7 or 8 inches in depth at the deepest point at the bottom and about 12 feet wide at the top, regularly sloping upward each way from the middle of such

depression, which depression extended across the width of the street at right angles, constructed to carry off water from the higher side of the street, was not of sufficient gravity to charge the city with negligence, or liability for an accident to the driver of a team and farm wagon loaded with manure, and who was thrown from the load to the ground, when the front wheels went into the depression.

**2.   Negligence—Non-conflicting Evidence—Question of Law.**

In a suit for personal injuries, held, that where there is no conflict in the evidence the question of whether the facts would warrant the jury in finding the defendant guilty of negligence is one for the court.

**3.   Municipal Corporations—Negligence—Defect in Street—Condition of Street for Travel—Result of Use of Street—Questions for Consideration.**

Where an injury is alleged to have been occasioned by a defect in the street, the inquiry should be, not, was there some defect in the street, but was the street in a reasonably safe condition for travel in the ordinary mode, and was the accident the natural and probable result of the use of the street, one that could have been forseen by those charged with the duty of maintaining the street?

**4.   Municipal Corporations—Negligence—Defective Street—Accident Improbable—Question for Jury.**

Where an injury results from an alleged defect in a street which is not of itself of such dimensions or character as to make an accident probable, it does not justify submission to the jury of question of city's negligence.

Appeal from Circuit Court, Davison County.  Hon. Frank B. Smith, Judge.

Action by James Keen, Jr., by James Keen, guardian ad litem, against the City of Mitchell, to recover for damages for personal injury. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Judgment and order reversed, and cause remanded for further proceedings.

*Lauritz Miller,* for Appellant.

*Charles F. Tym,* for Respondent.

(2)  To point two of the opinion, Appellant cited: Bohl v. City of Dell Rapids, 15 S. D. 619, 91 N. W. 315; Jones v. City of Sioux Falls, 18 S. D. 477, 101 N. W. 43; Larson v. City of Grand Forks, 3 Dak. 307, 19 N. W. 414.

(3)  To point three of the opinion, Appellant cited: Cammett. v. City of Haverhill, 197 Mass. 76, 83 N. W. 331; Bohl v. City of Dell Rapids, 15 S. D. 619, 91 N. W. 315; 25 Am. Rep. 278;

Jones v. City of Sioux Falls, 18 S. D. 477, 101 N. W. 43; Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401; Hamilton v. Buffalo, 173 N. Y. 72, 65 N. E. 944; Jackson v. Lansing, 121 Mich. 279, 80 N. W. 8; Koepke v. City of Milwaukee, 112 Wis. 475, 88 N. W. 238.

Respondent cited: Norman v. Teel 69 Pac. 791; Larson v. Grand Forks, 19 N. W. 414.

McCOY, J.   This suit was instituted by plaintiff, about 15 years of age, to recover damages against the city of Mitchell for alleged personal injury sustained by plaintiff because of an alleged defect in one of the streets of said city.   The cause was tried to a jury, and a verdict for plaintiff returned for $1,800, and judgment entered thereon.   Defendant appeals from said judgment and from an order denying a motion for new trial.   Among other things the defendant presents the question of the sufficiency of the evidence to sustain or justify the verdict.   At the close of all the evidence defendant moved the court for a directed verdict on the ground that the evidence fails to show defendant had been negligent in keeping the street at the place where the accident occurred in proper repair and in safe condition for travel.   The overruling of this motion is urged as error.   The whole of the material evidence is preserved in the record, which is quite voluminous, and it will be impracticable and will serve no useful purpose to reproduce the substance of the whole thereof in this opinion.   There is much conflict in the evidence, upon some phases of the case, especially as to the extent of the injuries resulting from the accident upon which this action is founded; but, upon the vital question of the alleged negligence of the city and the facts on which it is based, there is no substantial conflict in the evidence.   The accident forming the basis of this suit occurred on the 29th of March, 1913, at which time plaintiff was driving a team of horses hitched to a farm wagon, with double box loaded with barnyard manure.   Plaintiff was standing on the top of said load, about the middle and towards the front end of the box; while driving in this position on and along the street in question the front wheels went into a depression extending across said street, causing the wagon to jerk and lurch, which threw plaintiff off the load to the ground, breaking both bones in one of plaintiff's arms about 2 inches above the

wrist joint. The vital question is whether the defendant city was negligent in permitting to exist the said depression so extending across said street. It appears without conflict that the street across which this depression extended is one of the principal thoroughfares of defendant city, daily traversed by many and all sorts of vehicles, including ordinary wagons, carriages, drays, and automobiles; that the street in question is graded and rounded with a crown in the middle of the traveled tract slightly higher than the sides; that the surrounding land is higher on one side of this street than on the other; that surface waters after rainfalls collected on the higher side, and on account of the higher rounding up of the middle of the street, such waters remained on the high side, causing a muddy soft road; that on account of this periodically muddy condition the depression in question was constructed across this street in the fall of 1912 to permit such surface waters to escape to the lower side; that the depression was about 7 or 8 inches in depth at the deepest point in the bottom, and about 12 feet wide at the top regularly sloping upward each way from the middle of such depression, which depression extended across the width of the street at right angles.

[1-3] It is the contention of appellant that this depression in the street was, as a matter of law, not of sufficient gravity to charge the city with negligence, or to charge it with any liability for an accident occuring at the place in question—that said depression did not constitute a dangerous condition of said street. We are of the view that appellant is right in this contention. Where there is no conflict in the evidence the question of whether or not the facts would warrant the jury in finding the defendant guilty of negligence is one for the court. Bohl v. Dell Rapids, 15 S. D. 619, 91 N. W. 315. It seems to be generally held that a municipal corporation is not liable for every accident that may occur within its limits. Its officers are not required to do every possible thing that human energy and ingenuity can do to prevent the happening of accidents or injuries to the citizens. The law does not require that the city shall do more than keep its streets in a reasonably safe condition. The obstructions or defects, to make the corporation liable, must be such as are in themselves so dangerous that a person exercising ordinary prudence could not avoid injury in passing them. It is only against defects in streets

of sufficient gravity to justify a careful and prudent man in antici-
pating danger from the existence thereof that a municipality is
bound to guard. Cities are not required to keep their streets free
from irregularities and trifling defects. It is the duty of a munici-
pality to see that all its streets, open for travel, are kept in re-
pair and free from obstruction, and this duty has been performed
when the way is without obstruction, or such structural defects
as would endanger the safety of travelers in the exercise by them-
selves of ordinary care. Where an injury is alleged to have been
occasioned by a defect in a street, the inquiry should be, not was
there some defect in the street? but was the street, in the condi-
tion in which it is proven to have been, in a reasonably safe condi-
tion for travel in the ordinary mode at the time the accident hap-
pened? and was the accident the natural and probable result of
the use of the street in that condition, one that could have been
foreseen by those charged with the duty of maintaining the street?

[4] And, where an injury results from an alleged defect
which is not of itself of such dimensions or character as to make
an accident probable, it does not justify the submission to the jury
of the question of the city's negligence. Bohl v. City of Dell
Rapids, supra; Beltz v. Yonkers, 148 N. Y. 67, 42 N. E. 401;
Ibbeken v. N. Y., 94 N. Y. Supp, 568; Grant v. Enfield, 11 App.
Div. 358, 42 N. Y. Supp. 107; Hamilton v. Buffalo, 173 N. Y.
72, 65 N. E. 944; Morgan v. Lewistown, 91 Me. 566, 40 Atl. 545;
Clifton v. Philadelphia, 217 Pa. 102, 66 Atl. 159, 118 Am. St.
Rep. 906, 10 Ann. Cas. 537, 9 L. R. A. (N. S.) 1266; Dayton v.
Glaser, 76 Ohio St. 471, 81 N. E. 991, 12 L. R. A. (N. S.) 916;
Elan v. Mt. Sterling, 132 Ky. 657, 117 S. W. 250, 20 L. R. A.
(N. S.) 512, and note pages 598 to 618. In Beltz v. Yonkers,
where the alleged defect was a hole 2½ inches deep, 7 inches
wide, and 2 feet long in a stone sidewalk, the New York Court
of Appeals among other things, said:

"There are very few, if any, streets or highways that are
or can be kept so absolutely safe and perfect as to preclude the
possibility of accidents, and whether in any case the municipality
has done its duty must be determined by the situation and what
men knew about it before and not after an accident. When the
defect is of such a character that reasonable and prudent men may
reasonably differ as to whether an accident could or should have

been reasonably anticipated from its existence or not, then the case is generally one for the jury; but when, as in this case, the defect is so slight that no careful or prudent man would reasonably anticipate any danger from its existence but, still, an accident happens which could have been guarded against by the exercise of extraordinary care and foresight, the question of the defendant's responsibility is one of law. Assuming that the defendant's officers were men of reasonable prudence and judgment, could they in the * * * exercise of these qualities, have anticipated this accident or a similar one from the existence of this depression in the walk? They could undoubtedly have repaired it at very little expense, but the omission to do so does not show or tend to show that they were negligent unless the defect was of such a character that a reasonably prudent man would anticipate some danger to travelers on the walk if not repaired. If the existence of such a defect is to be deemed evidence of negligence on the part of the city, then there is scarcely any street in any city that is reasonably safe within the rule, and when accidents occur the municipality must be treated, practically, as an insurer against accidents in its streets. The law does not prescribe a measure of duty so impossible of fulfillment or a rule of liability so unjust and severe. It imposes upon municipal corporations the duty of guarding against such dangers as can or ought to be anticipated or foreseen in the exercise of reasonable prudence and care. But when an accident happens by reason of some slight defect from which danger was not reasonably to be anticipated, and which, according to common experience, was not likely to happen, it is not chargeable with negligence."

In Dayton v. Glaser, involving an alleged defect in a street consisting of a depression in a pavement 4 inches deep extending over 3 or 4 square feet of surface, the Supreme Court of Ohio held that such defect was not of sufficient magnitude as to render such street not in a reasonably safe condition for travel, and that negligence could not be imputed against the city by reason of the existence of such defect, on the ground that accidents could not reasonably be anticipated as happening by reason of such slight defect. In Grant v. Enfield, 11 App. Div. 358, 42 N. Y. Supp. 107, where the injury resulted from a hole in the highway basin-like in shape, several feet in length, and 4 inches deep, it was

held that the city could not anticipate accidents which might happen by reason thereof. In Morgan v. Lewiston, 91 Me. 566, 40 Atl. 545, where the plaintiff was injured by stumbling at the junction of two sidewalks where there was difference of 6 inches in grade, the court ruled, as a matter of law, that the sidewalks were in a reasonably safe condition for travel, and that negligence could not be imputed to the city by reason of the existence of such defect. In Messenger v. Bridgetown, 31 Can. Supreme Court, 379, a mound of earth 8 inches in height in a public street was held not to constitute a defect of sufficient magnitude to charge the city with negligence in failing to keep its streets in a reasonably safe condition. In Clifton v. Philadelphia, 217 Pa. 102, 66 Atl. 159, 9 L. R. A. (N. S.) 1266, 118 Am. St. Rep. 906, 10 Ann. Cas. 537, where an injury occurred by stepping into a rut some 5 or 6 inches deep and several feet long, across a highway, it was held that the accident had happened by reason of a slight defect from which danger was not reasonably to be anticipated, and that the municipality was not chargeable with negligence, the duty imposed by law only being to exercise ordinary care to see that the highway is safe for traveling. We are of the view that the depression in the street in question was of such a character as that the city officials in charge thereof could not have reasonably forseen or apprehended the probability of the happening of the accident to plaintiff by reason thereof.

Judgment and order appealed from are reversed, and the cause remanded for further procedure in harmony with this opinion.