# C., C., C. & ST. L. RAILWAY COMPANY
## v.
## JESSE ARBAUGH, ADMINISTRATOR.

*Railroads—Negligence—Personal Injury—Defective Crossing—Contributory Negligence.*

1. It is essential to the right of recovery in a personal injury case, that the person injured was, at the time of the accident, in the exercise of due and reasonable care.

2. In an action brought to recover for the death of a person at a railroad crossing, it being alleged that the same was caused by the defective condition thereof, this court holds, in view of the evidence, that the same was occasioned by her own negligence, and that the judgment against the company must be reversed.

[Opinion filed March 11, 1893.]

Appeal from the Circuit Court of White County; the Hon. Carroll C. Boggs, Judge, presiding.

Mr. John T. Dye, for appellant.

Messrs. P. A. Pearce and C. S. Conger, for appellee.

Mr. Justice Sample. The appellee's declaration avers that his intestate lost her life by the negligence of appellant, which consisted in permitting the planks lying along the sides of the rails, at a certain crossing, to become split and splintered so that such splinters projected above the rails, and in permitting the spikes or nails which had held the planks in their places, to become loose and work up, so that they also projected above the rails, thus forming an obstruction to those passing over the track. It is averred that the deceased, while in the exercise of due care, in attempting to pass over said crossing, had her foot or clothing caught by the splinters or spikes aforesaid, and was there held until a locomotive ran upon and struck her so violently, that from the injuries so received, she died. It will be observed that the negligence charged is confined wholly to the condition of the crossing, and does not extend to the operation of the train.

It is clearly proven that the crossing was in the condition averred, and had so been for such a length of time that the appellant may be fairly said to have had notice. The questions of fact presented in this record, however, are, first, did such negligence cause the injury complained of, and second, did the deceased exercise ordinary care for her own safety.

The facts as disclosed by the evidence were that the deceased, who was a middle-aged lady, rather large and fleshy, in company with a young lady, named Katie Heck, were walking along a highway that crossed appellant's track, each with a bucket on her arm. When they got near the crossing they saw a passenger train approaching, which, evidently, was quite close upon them, as is shown by the fol-

lowing conversation that occurred at the time as testified to by Katie Heck, the only eye witness other than the engineer and fireman. Miss Heck testified for the appellee: "She, Mrs. Arbaugh, asked me, 'Do you reckon we can cross the track?' I said, 'No, we can't!' She said, 'I guess we can, if we will hurry.' I said, 'All right, here goes.'" Q. You hurried and got across barely, and she got hit? A. Yes, sir. Q. When you got on the track you left Mrs. Arbaugh and ran ahead of her? A. Yes, sir. Q. Was she running? A. I don't know. Q. You started to run with a jump, and ran and left her? A. Yes, sir. Q. You know that she paused during the conversation, and you started from nearly a stand still? A. Not quite. Q. Was it not very nearly from a stand still? A. Yes, I believe it was." The evidence of this witness further shows that when she looked around, after getting over the track, she saw that the engine had struck and thrown Mrs. Arbaugh, and as she puts it, was "slinging her around."

The engine was drawing a passenger train. This witness could not tell how far the train was from the crossing at the time she passed over it; she would not estimate the distance in any way. She said she did not know. It appears, however, that she had pointed out the distance a few days after the accident to others in this manner. She stood at the crossing and a man walked down the railroad track, and after he had got down some distance, stopped, and she was asked, "Is this the place?" and she replied, "Yes, about there is the place." That distance was measured and found to be 228 feet. The same method was observed in ascertaining the distance she was from the crossing when she turned to look back for Mrs. Arbaugh, and that distance was measured and found to be thirty feet.

The court permitted the witnesses who made such measurements, to testify to the distance, over the objection of the appellant.

After the witnesses had testified to such measurements Katie Heck was recalled and cross-examined further as to what she said to those witnesses, and about the distance, as

follows: Q. What did you tell Mr. Arbaugh about the location of this train when he made the measurement, a day or two afterward? A. I don't remember what I did say. Q. Is it not a fact that you gave him no definite location of that train? A. I don't know. Q. Is it not a fact that you did not know where that train was? A. Yes, sir. Q. Is it not a fact that you did not know where you were when you turned to see if Mrs. Arbaugh had escaped? A. Yes, sir.

Even if this evidence of measurement by others was competent, as to which it is not necessary now to decide, it is very evident, in view of Katie Heck's statements, that it is not to be relied upon. It is not shown that this young lady could not estimate distance. Her testimony does not indicate that she was stupid or ignorant. Doubtless she was so excited at the time that she could not determine the distance with any degree of accuracy, and therefore, as she testified on the witness stand, she did not know the distance. In view of all the evidence as to the distance the engine was from the crossing at the time Mrs. Arbaugh attempted to pass over the track, it is clear that it was very close, so close that it was considered very hazardous by Katie Heck to attempt to cross, although she started first and was an active young woman, while Mrs. Arbaugh was much older and a tolerably large, fleshy woman.

The theory of the appellee is, that the train was some distance away, and therefore Mrs. Arbaugh would certainly have passed over in safety if she had not been detained by her foot or clothing being caught in the spikes or splinters at the crossing.

That fact is relied upon as evidence that she was so caught and detained, for there is no other evidence of detention. Her dress was torn or ripped a little near the bottom hem, but the dress was of calico, and it is incredible, even if it had been caught on the head of one of the spikes, that she would have been detained thereby a moment of time. Her weight and strength would have instantly torn it loose. There is no evidence that she tripped on a spike or splinter and fell, and it is not claimed that she did. It is evident from the manner in which she was struck, as appeared by

the bruises on her body and the distance that she was thrown, that she had not fallen.

It is considered that the evidence does not sustain the averments of the declaration that the deceased was detained by reason of the defective crossing, or the averment that she was in the exercise of due and reasonable care at the time of the accident for her own safety. This was essential to a right of recovery. While the case is a sad one, yet the judgment must predominate over mere sympathy. The deceased should not have voluntarily and knowingly put in peril her life by attempting to cross the railroad track when an approaching train was so near. To do so was not only not using ordinary care, but was exceedingly reckless, and, as was unfortunately demonstrated, fatally dangerous. In the case of Ernst v. The Harlem River R. R. Co., 35 N. Y., p. 9, Court of Appeals, it is said, where one knows of the immediate proximity of an advancing train, whether the warning by signal be given or not, and having a safe and reasonable opportunity to stop, he voluntarily takes the risk of crossing in front of it, he is guilty of culpable negligence, and forfeits all claim to redress. In the case of Railroad Co. v. Huston, 95 U. S. 687, it is said: " If, using her senses, she saw the train coming, and yet undertook to cross the track, instead of waiting for the train to pass, the consequences of her mistake and temerity can not be cast upon the defendant." The judgment will be reversed and not remanded.

*Judgment reversed.*