### William Brown v. City of Chicago.

#### Gen. No. 13,205.

1. STREET—*what not negligent maintenance of. Held,* that scantling lying on the surface of a street did not render the same dangerous for horsemen or vehicles and that permitting it to lie there in the roadway was not actionable negligence.

Brown v. City of Chicago.

2.   PEDESTRIAN—*care required of, using roadway.*   If a pedestrian elects to use that portion of the street designated for vehicles instead of the portion thereof designed for pedestrians, it is his duty to exercise sufficient care to avoid any obstacle, such as scantling, left in the roadway.

3.   PEREMPTORY INSTRUCTION—*when properly given.*   A peremptory instruction for the defendant is properly given where the evidence taken as true, in its most favorable bearing, in support of plaintiff's cause of action with all proper inferences which might be drawn therefrom, is insufficient to support a verdict and judgment for the plaintiff.

Action in case for personal injuries.   Appeal from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed.   Opinion filed June 25, 1907.

**Statement by the Court.**   The plaintiff (appellant) sued the City of Chicago for negligence in maintaining a sidewalk near the corner of Madison street and Wabash avenue in said city in a dangerous condition, whereby plaintiff was injured.   At the close of the evidence for the plaintiff the court instructed the jury to find the defendant not guilty.   Judgment was entered against the plaintiff on the verdict.

The evidence shows that in September, 1900, Mandel Brothers' building was being erected at the northwest corner of Madison street and Wabash avenue, Chicago. For the purpose of protecting the public during the building operations, a board fence was erected extending across the sidewalk at the north line of the building and into the street about six feet beyond the sidewalk and thence south in the street to Madison street.   Outside of this board fence a temporary sidewalk about two and a half feet wide, consisting of three planks, had been laid at a right angle to the permanent sidewalk extending to the corner of the fence, and thence south along the fence in the street in front of the building.

Shortly before seven o'clock on the evening of September 18, 1900, the plaintiff walked hurriedly south

on the west side of Wabash avenue, and when he came
near to the fence he says he "cut across from the side-
walk proper out toward the corner of that fence and
passed just a little bit to the outer edge of that tem-
porary walk that skirted along the fence, and pro-
ceeded along perhaps a distance of ten or twelve feet
alongside of the walk, when I tripped over something
extending out into the street from the walk and fell,
striking my left knee on the paving there." Plaintiff
was running to take a street car and was looking
straight ahead. After getting up from the fall he saw
what caused his fall. It was a two by four scantling
lying flat on the surface of the street and projecting
out from the walk.

There were people on the sidewalk and one person
was walking at the outer edge of the plank a little dis-
tance ahead of appellant; and appellant says he walked
at the side of the walk on account of want of room on
the walk.

JOHN A. BLOOMINGSTON, for appellant.

FRANK D. AYERS, for appellee; EDWARD C. FITCH and
ROBERT S. COOK, of counsel.

MR. JUSTICE SMITH delivered the opinion of the
court.

The question presented by the instruction of the
court is whether or not the evidence taken as true with
all inferences reasonably deducible therefrom shows
that appellee is liable for appellant's injury.

In Hohlof v. City of Chicago, 192 Ill. 249, it was
held that a city has the power to designate portions
of the streets of the city for the use of horsemen and
vehicles, and to reserve other portions of the streets
for the use of pedestrians where horsemen and vehicles
may not go, and to prepare such portions of the streets
for such uses respectively. And no greater duty is
cast upon a city than that it shall maintain the respect-

ive portions of streets in reasonably safe condition for the purposes for which such portions of the streets are, respectively, devoted.

The evidence shows that during the construction of the Mandel Brothers' building a designation of a portion of the street was made for the use of pedestrians, and that it was prepared for that purpose. The evidence shows that a two by four scantling was lying flat on the surface of that part of the street designated for vehicles and horsemen. We do not think it can be held that the scantling lying on the surface of the street made the street dangerous for horsemen or vehicles; or that permitting it to lie there in the roadway was actionable negligence.

It is to be inferred from the evidence that there was at the time of the accident sufficient light to enable appellant to see the projecting scantling, for he says he saw it after he fell. If he chose to use that portion of the street designated for vehicles instead of the portion designated for pedestrians, it was his duty to exercise sufficient care to avoid an obstacle of that character.

We are of the opinion that "the evidence taken as true, in its most favorable bearing, in support of plaintiff's cause of action, with all proper inferences which might be justifiably drawn from it" (Saalfield v. Dallemand, 175 Ill. 310) was insufficient to support a verdict and judgment for plaintiff, and for that reason the court did not err in giving the instruction to find for the defendant. The judgment is affirmed.

*Affirmed.*