THE ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

HARRY STEWART.

*Opinion filed October 23, 1907—Rehearing denied Dec. 4, 1907.*

RAILROADS—*a railroad must maintain crossings in a reasonably safe condition.* The duty of a railroad company, under the statute, to maintain street crossings in a reasonably safe condition is paramount to its duty to obey the ordinances of a city on the same subject, and such company cannot escape liability for leaving a crosswalk in a dangerous condition by setting up that it had constructed such walk in accordance with an ordinance of the city.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. T. M. HARRIS, Judge, presiding.

This is an action on the case commenced by Harry Stewart against the Illinois Central Railroad Company, in the circuit court of McLean county, to recover damages for a personal injury sustained by appellee by a fall upon a sidewalk at a crossing over the tracks of the appellant company at Main street, in the village of Heyworth. A verdict and judgment in the circuit court against the railroad company for $1300 has been affirmed by the Appellate Court for the Third District, and from that judgment the railroad company has appealed to this court.

Appellant has two railroad tracks running north and south through the village of Heyworth and crossing Main street, in said village. Prior to the injury a sidewalk five feet in width, constructed of boards, was located on the north side of Main street and across the two tracks of the railroad company. In 1904 the village authorities determined to replace the board sidewalk on the north side of Main street with a concrete sidewalk eight feet in width, and with this in view passed an ordinance changing the

grade of Main street and providing that the property own-
ers fronting on said street should build said sidewalk within
thirty days after publication of the ordinance, and upon
failure of such owners to build the walk that the village
should construct it and collect the cost thereof by special
tax.    The railroad company refused to allow the village
authorities to construct any walk across that portion of the
right of way occupied by its tracks and the space between
the tracks, but it was agreed that the village should con-
struct a sidewalk across the remainder of the right of way
and that appellant would pay for it.    In October, 1904,
appellant constructed a plank crossing eight feet in width
across its tracks, extending from west to east, from the ends
of the ties on the west side of the west track to the ends of
the ties on the east side of the east track, at the grade fixed
by the ordinance.    This new section of plank crossing was
put in before the old board walk had been removed on the
portion of the crossing extending beyond the ends of the
new walk, and when completed the new walk was three or
four inches higher than the old walk and its north line was
about two feet south of the north line of the old walk,—in
other words, the new walk was out of line with the old walk
two feet south, on the north side.    On the night of October
11, 1904, about the hour of seven o'clock, appellee, a boy
about sixteen years of age, who resided in the country, was
passing over the sidewalk on the old sidewalk, going west.
He was not aware that any change had taken place in the
sidewalk, and when he came in contact with the elevated
new walk he struck the elevation with his foot and was
thrown down and both bones of his forearm and his wrist
were broken.

Charles L. Capen, (John G. Drennan, of counsel,)
for appellant.

Lillard & Williams, and N. W. Brandican, for ap-
pellee.

Mr. Justice Vickers delivered the opinion of the court:

Appellant first insists that it built the walk in question under the mandate of the village ordinance, and that, inasmuch as it complied with the ordinance as to the width and grade it is not liable, and that if any liability exists it is against the village and not against the appellant. It is undoubtedly within the power and the duty of municipal corporations to establish the grade of sidewalks within their limits and to determine the location and character of the walks to be constructed and the material to be used. It appears that the village of Heyworth had passed an ordinance providing for the construction of a concrete sidewalk at the place in question, on Main street. The appellant did not construct a sidewalk of the character required by the ordinance, in so far as the material used is concerned. The ordinance of the village only authorized the construction of a concrete sidewalk. It is true that there is evidence tending to show some members of the village board verbally consented to a substitution of a plank walk across appellant's tracks, but it cannot be seriously contended that such consent operated as a repeal of the ordinance in so far as it applied to appellant's right of way. But we do not regard this circumstance as of controlling importance, since it was not the substitution of plank for concrete material that caused the injury. If a concrete walk had been constructed of the same width and elevation the injury might have occurred in the same manner that it did. In other words, we do not regard the unauthorized substitution of planks for concrete as being a distinct ground of liability. Appellant was under a statutory duty, wholly independent of the ordinance, to maintain its crossings in a reasonably safe condition, and it cannot justify the negligent performance of this duty on the ground that the crossing was put in under the mandate of the city ordinance. It was the plain duty of the appellant to obey the mandate of the statute, and if it negligently failed to observe that duty and in consequence appellee was

injured, it will not be permitted to set up the defense that its disregard of the statute was at the mandate of the village. We would not be understood as holding that appellant was not under obligations to comply with all reasonable and valid ordinances passed by the municipality. On the contrary, it was the duty of the appellant to comply with the ordinance and at the same time observe its statutory duty to the public. If, as a matter of fact, the sidewalk constructed by the appellant was a dangerous obstruction to persons walking along the sidewalk in the observance of due care, it cannot be said that the city ordinances authorized appellant to erect a dangerous obstruction in the sidewalk and leave it there. The city ordinance in question cannot be so construed, and if it could, the ordinance would have to be held invalid in so far as it purported to legalize acts which are forbidden both by statute and the common law.

Appellant insists that leaving the perpendicular step in the sidewalk is not actionable negligence, that appellee was not in the exercise of ordinary care for his own safety, and that the damages are excessive. These are all questions of fact, which are conclusively settled adversely to appellant's contention by the decision of the Appellate Court.

Appellant complains of the refusal of a number of instructions offered by it. These instructions, except Nos. 13 and 14, present, in various forms, appellant's contention in reference to its justification under the ordinance, and what has already been said in disposing of that contention sufficiently shows that in our opinion the court did not err in refusing these instructions. Instructions Nos. 13 and 14, which were refused by the court, relate to the care and caution that should be exercised by a person in passing along a street or sidewalk, and sufficient reason for refusing to give these instructions is found in the fact that the court instructed the jury very fully upon the duty of appellee to exercise reasonable care for his own safety, in other instructions given for appellant. This question is fully covered by

instructions 10, 11 and 12 given on behalf of the appellant. There was no error in refusing any of the instructions asked by appellant.

Appellant contends that the court erred in giving instructions Nos. 2 and 3 on behalf of appellee. These instructions are not open to the objections made to them.

Finding no reversible error in the record the judgment of the Appellate Court is affirmed.      *Judgment affirmed.*