(No. 14248.—Judgment affirmed.)

SOPHIA LUNDQUIST, Defendant in Error, *vs.* THE CHICAGO RAILWAYS COMPANY *et al.* Plaintiffs in Error.

*Opinion filed October 21, 1922—Rehearing denied Dec. 7, 1922.*

1. NEGLIGENCE—*when the question of negligence is for the jury.* Where there is a disagreement in the testimony as to whether a defendant street car company exercised the required degree of care in allowing the plaintiff to alight from the car at one of its customary stopping places, the question whether or not the facts testified to constitute negligence is properly for the jury; and where the Appellate Court has affirmed the judgment the Supreme Court cannot weigh the evidence and review such question.

2. SAME—*when street car company is charged with knowledge of act of passenger in alighting from car.* A street car company is charged with knowledge of the act of a passenger who attempts to alight from the car without giving the customary signal, where the stopping place is not only a regular stopping place for passengers but is a place where the car always stops in order to permit the conductor to alight and turn a switch.

3. SAME—*jury may be instructed that they are sole judges of the weight of testimony.* In an action for negligence, where the testimony is conflicting, it is proper to instruct the jury that they "are the sole and exclusive judges of the credibility of the witnesses and the weight to be given their testimony," as the power of the trial court or of a reviewing court to review the verdict does not enter into the case during the trial by a jury.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

CHARLES LEROY BROWN, (JOHN R. GUILLIAMS, and FRANKLIN B. HUSSEY, of counsel,) for plaintiffs in error.

CHARLES C. SPENCER, and ARTHUR A. HOUSE, (NATHAN E. UTT, of counsel,) for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The defendant in error brought suit against the plaintiffs in error to recover damages for personal injuries sustained by her while attempting to alight from one of their street cars. The jury returned a verdict in her favor for $5500, and upon motion for a new trial a *remittitur* of $1000 was entered and judgment rendered on the verdict for $4500. Plaintiffs in error prosecuted their appeal to the Appellate Court for the First District, which court affirmed the judgment. The cause comes here on a writ of *certiorari.*

The defendant in error, a woman over eighty years of age, was a passenger on the street car. The car stopped at Seventy-ninth street and Coles avenue. This is a regular stopping place for the purpose of taking on and letting off passengers. All cars going out Coles avenue are required to stop there in order that the conductor may turn the switch, as it is of a type that cannot be turned without leaving the car. The track continues westward on Seventy-ninth street, but Coles avenue cars turn north by means of this switch. The car on which defendant in error was riding turned north. The switch used is what is known as a hand-switch. It is necessary for the conductor to get off and go ahead of the car a short distance, lift a lever to a perpendicular position, and so hold it until the rear trucks under the car pass onto the Coles avenue track.

The conductor testified that the defendant in error, when the car approached Coles avenue, was in the rear end of the car on a long seat near the door through which passengers alight; that she did not at any time after boarding the car say anything to him about her destination; that at the time of the accident in question there were about fifteen people in the car as passengers; that the car was stopped for the switch; that when the car stopped the front end was about five or six feet east of the switch-point; that at that time he was on the rear platform, and as soon as the car stopped he looked to see if there was anybody getting up to get off; that everybody was seated; that he at once got off the north side of the car and went over to the switch; that while at the switch, and before giving the signal to proceed, he looked to see if there was anybody getting off and did not see anybody on the step of the car when it started; that the car started forward at the rate of one or two miles an hour; that when the car had gone half-way around the switch, or about twenty-five feet, the defendant in error stepped down on the rear step, with her back facing the front of the car; that she stepped off while the car was going; that he shouted for the motorman to stop and the car stopped within four or five feet. The conductor further testified that the witness Novak got on at the rear entrance as soon as the car stopped; that by the time Novak had stepped upon the platform he (the conductor) had stepped down on the ground and from there passed the length of the car to the switch in front and raised the switch, and that the car started almost immediately after he picked up the switch.

Lawrence Novak, on behalf of defendant in error, testified that as the car approached Coles avenue he was standing in Seventy-ninth street for the purpose of taking this car north; that the place in question is the usual stopping place for cars for the purpose of taking on and letting off passengers; that he got on the car but did not see the con-

ductor in the act of getting off; that he did not see him raise the switch; that he was on the entrance side of the rear door, entering when the defendant in error was alighting through the rear exit; that when he got on the car it started and the defendant in error fell down; that the car started right away.

E. A. Anderson, called on behalf of the defendant in error, stated that he was a passenger on this street car and alighted from the front end at the point in question; that when he got off the conductor was at the switch, about six feet from the front end of the car; that at the time witness stepped from the car it was standing still; that he stepped off as soon as the car stopped and the motorman opened the door; that the car started up right after he had stepped off; that he heard a cry, and upon looking back saw the defendant in error on the pavement.

The defendant in error testified that she intended to get off the car at Seventy-ninth street and Coles avenue; that she knew that that is a regular place for stopping; that when the car stopped she started to get off as she always did; that when she put her foot on the rear step the car began to move and she fell off to the pavement; that at the time the car started she had her hand on the iron hand-rod; that before the time of the accident she was able to walk about readily and was active; that at the time of the accident she was sitting in the rear part of the car near the back door, on the right side; that when she saw the conductor leave the rear platform to go forward she stood up and started out of the car.

It is contended by plaintiffs in error that there is no liability because of the undisputed fact that they did not know, and in the exercise of the degree of care required of them they were not bound to know, that the defendant in error intended to alight from the car. It is contended by the defendant in error that as the place where the car stopped is one used for the purpose of taking on and letting off pas-

sengers as well as for the purpose of turning the switch in order that the car might take a different route, and having stopped for said purpose, it was the duty of the plaintiffs in error to exercise the highest degree of care reasonably consistent with the mode of conveyance adopted and used in the practical operation of the railroad, and to stop the car a reasonable length of time to permit the defendant in error, in the exercise of ordinary care, to alight therefrom safely, and not to start the car within such reasonable time. Counsel for plaintiffs in error argue that the undisputed evidence in the record shows that they were not guilty of negligence; that neither the conductor nor motorman had any notice of the fact that defendant in error was about to leave the car; that the uncontradicted evidence establishes that the car remained standing for a reasonable time; that by reason of the fact that it was necessary for the conductor to go ahead of the car to turn a switch, he should not be required, in the absence of actual or constructive notice, to have foreseen that defendant in error would attempt to leave the car at that point.

Carriers are not insurers of the safety of their passengers. The degree of care to be exercised under circumstances of this character is well defined in the case of *North Chicago Street Railroad Co.* v. *Cook,* 145 Ill. 551. In that case this court said: "Carriers of passengers are held to the exercise of the utmost or highest degree of care, skill and diligence for the safety of the passenger that is consistent with the mode of conveyance employed. The car or train was in control of the conductor, and he was required to know if by the exercise of due care, caution and diligence in the discharge of his duties he could know whether any person was attempting to get on or off his train or car before permitting the same to start in such manner as would be liable or likely to injure a person so getting on or off the same." While counsel for plaintiffs in error do not contend that the rule is otherwise, they say that the evidence in this

case showed that that degree of care was used, and that notwithstanding the exercise of such care it was impossible to know or to have notice that the defendant in error contemplated leaving the car. They say that the record shows that the motorman looked back through the car before starting it and that he could see throughout the car; that all passengers inside the car were sitting down; that he looked right through to the back platform, as the end of the car was glass and he could see through it. There was nobody on the back platform. The conductor testified that before he gave the signal for the car to come ahead he looked towards the rear step of the car; that at that time there was nobody on the step; that the defendant in error stepped down on the step after the car had gone about twenty-five feet and fell to the pavement. He also testified that as soon as the car stopped he left the rear platform of the car and went to the switch. Defendant in error testified that she got up as soon as the conductor left the car and went onto the platform and had stepped down onto the step when the car started, throwing her to the pavement. It is obvious that the testimony of these witnesses cannot all be true. If the conductor got off the car after it stopped and walked fifty-five feet, then it could hardly be true that defendant in error went onto the platform and step as soon as the conductor got off the car. On the other hand, if she did what her testimony shows she did, then the conductor and motorman either did not look to see whether anyone was on the back platform and back step before starting the car, or if they did look did not see her, which, from the description of the car and the location, would scarcely have been possible. Novak testified that defendant in error was on the back step when the car started. Reference to this condition of the record is made for the purpose of showing that not only did counsel disagree as to what the evidence shows, but there is a disagreement in the testimony on the very question whether

the degree of care required under the rule as laid down in *North Chicago Street Railroad Co.* v. *Cook, supra,* was observed. Whether or not under that rule the plaintiffs in error were guilty of negligence was a question of fact properly left to the jury.

Counsel also disagree as to what the testimony of the witnesses Novak and Anderson shows. The dissenting opinion of one of its members shows the Appellate Court did not agree as to what the evidence shows. We are not allowed to weigh the evidence. That has been done by the Appellate Court. It is only where all reasonable minds agree that a certain state of facts is established that the question can be raised as to whether or not those facts constitute negligence as a matter of law. If reasonable minds differ on what the facts are, the question of negligence is a question of fact for the jury under the instruction of the court as to the law. Plaintiffs in error's evidence, if true, showed that the defendant in error endeavored to leave the car after it had started; if her testimony is true the contrary conclusion must be reached. It is clear that reasonable minds might arrive at a different conclusion as to whether or not the plaintiffs in error stopped the car a reasonable length of time to permit the defendant in error to alight. The question of negligence on the part of plaintiffs in error was one properly submitted to the jury.

It is urged that the seventh instruction was erroneous, in that it amounted to a finding that the plaintiffs in error had knowledge of the defendant in error's purpose to alight from the car. That instruction is as follows:

"If you believe, from the evidence, under these instructions, that the plaintiff was alighting from the street car in question at the time and place in question, while said car was standing still, then it became, and was, the duty of the defendants to exercise the highest degree of care reasonably consistent with the mode of conveyance adopted and used by defendants and the practical operation of said railroad

to stop said street car a reasonable length of time to permit the plaintiff, in the exercise of ordinary care, to alight from said street car safely and not to start said street car within such reasonable time."

We do not see the force of the contention of plaintiffs in error, as it nowhere in the instruction appears that the court assumed any facts controverted in the case. Under the rule herein referred to concerning the duty to exercise due care and caution to know whether any person was attempting to get off or on the car before permitting it to start, it was a duty of the plaintiffs in error, as set out in said instruction, to permit the car to remain standing for a reasonable length of time consistent with the mode of conveyance adopted and the practical operation of the road, to permit passengers, including defendant in error, to alight. This was a regular stop. Defendant in error testified that she had been over this street car line numerous times previous to this; that she was in the habit of visiting her daughter, who lived in that neighborhood; that she had frequently taken the cars which turned north by means of the switch used. The inference is that she knew this was a regular stop, and if it was, defendant in error had a right to a reasonable time in which to alight from the car without the necessity of giving a signal to the motorman or conductor of her intention to do so. The fact that the stop was necessitated for the purpose of turning the switch did not make it any less a stop for the purpose of taking on and letting off passengers, but, on the contrary, had the effect of making certain the stopping of all north-bound cars at this point. Every car turning north there came to a stop, and it is evident that any passenger familiar with the operation of cars at that point was familiar with that fact. Plaintiffs in error's servants must therefore be held to have known that passengers, knowing that this car would certainly stop at this point, might attempt to alight without giving the customary signal of their intention so

305—8

to do. The question involved in this case is whether there was negligence on the part of plaintiffs in error in failing to permit the car to remain standing a reasonable time in which passengers might alight. This instruction does not direct a verdict and does state a correct proposition of law. It left the question of negligence open to the consideration of the jury.

Plaintiffs in error also contend that the first instruction given on behalf of the defendant in error is erroneous. That instruction is as follows:

"Under these instructions you, as the jurors, are the sole and exclusive judges of the credibility of the witnesses and the weight to be given their testimony."

Counsel urge that this is not a correct proposition of law, for the reason that jurors are not the sole and exclusive judges of the credibility of witnesses and of the weight to be given to their testimony; that the decisions of juries upon questions of fact, which include both credibility and weight, are reviewable both by the trial and Appellate Courts. While this is true, it is likewise true that so far as jury trials are concerned, the jurors are the sole judges of the credibility of witnesses and the weight of the evidence. The power of the trial court or a court of appeals to review the verdict of a jury does not enter into the case during the trial by a jury. But counsel argue that unless jurors know that their decisions may be reviewed and set aside they may become reckless of their duty. While it is, of course, impossible to tell what may take place in the mind of an individual, we see no more reason for the argument that the rule would have a tendency to make jurors reckless, than there is for the position that the tendency would be to impress the jurors with a sense of responsibility. This question arose in *Chicago and Alton Railroad Co. v. Fisher,* 141 Ill. 614, where a like instruction was held good.

There is no reversible error in the record, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*