William Monroe, Plaintiff-Appellee, v. Illinois Terminal Railroad Company, Defendant-Appellant.

Gen. No. 9,796.

Opinion filed February 20, 1952. Rehearing denied May 6, 1952. Released for publication May 6, 1952.

GRAHAM & GRAHAM, of Springfield, for appellant.

ROY GEIBE HILL, of Springfield, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

The plaintiff, William Monroe, was injured and his automobile demolished in a collision with one of defendant's trains in the City of Springfield, Illinois.

Defendant's tracks approached the crossing in question from the east and west along the north side of a manufacturing building which is within twenty-five feet of the track. Between the building and the track is an iron mesh cyclone fence eight feet high, three large poles, one leg of a water tower, and a small pole anchoring the factory smoke stack, all obstructing the view of a train approaching from the west from a person traveling north on Eleventh Street.

The plaintiff was traveling north on Eleventh Street. When he was about 150 feet south of the crossing, he shifted his car into second gear and looked to the east. His view to the east was unobstructed and he could see no train approaching from the east. He looked to the west, from which direction his view was obstructed, as set forth above, and, as far as he could see, no train was approaching. He continued to watch to the west as he approached the tracks, and saw the train as soon as he got past the obstructions, at which

time he was within five to ten feet of the track. At this time he was going about ten or fifteen miles per hour.

Four witnesses for the plaintiff testified that no warning was given by bell, whistle, or otherwise as the train approached the crossing. The train crew testified to the contrary. The right-front corner of the engine struck the left-front part of plaintiff's car. The car was completely demolished. Plaintiff was thrown from the car and received a cut on the head and was bleeding from the nose and mouth. It was necessary to take nine stitches in his temple and five in his lip. He had an injury to his back and other internal injuries from which he had not recovered at the time of the trial. All of his front teeth were knocked loose. He lost ninety-eight days employment.

The jury returned a verdict for the plaintiff in the amount of $5,000. The trial court denied defendant's motion for a directed verdict at the close of all the evidence, and denied defendant's motion for a new trial. Defendant appealed from these rulings.

Defendant contends that plaintiff was guilty of contributory negligence as a matter of law and that the judgment should be reversed. Defendant also contends that error was committed in the course of the trial, and in the event that this court believes that the judgment should not be reversed, then the cause should be reversed and be remanded for new trial.

█ One of the allegations of negligence in the complaint was that the defendant negligently failed to give reasonable warning of the approach of its train to the crossing, in violation of the statute (Ill. Rev. Stat. 1947, chap. 114, sec. 59) [Jones Ill. Stats. Ann. 114.095] which provides that every railroad corporation shall cause a bell of at least thirty-pounds weight, and a steam whistle to be placed and kept on each locomotive engine and shall cause the same to be rung

or whistled by the engineer or fireman at a distance of at least eighty rods from the place where the railroad crosses or intersects any highway, and shall be kept ringing or whistling until such highway is reached. As stated above, there was evidence to support this allegation of negligence in the complaint. The evidence was in conflict, but when there are controverted issues of fact presented by the evidence, upon which reasonable men may disagree, the court must submit the case to the jury, and the jury's verdict will not be set aside unless it is manifestly against the weight of the evidence.

■■ Defendant claims that the witnesses for the plaintiff were impeached, but it is the opinion of this court that the effect of the impeachment was for the jury. Defendant also complains of the conduct of plaintiff's counsel, but we have examined the record and feel that there is not any cause for reversible error and the conduct complained of might have occurred in the course of any heated trial. The verdict is not at all excessive, and would not indicate that the jury was inflamed by improper conduct of counsel.

Defendant's main argument is that plaintiff was guilty of contributory negligence as a matter of law. It cites numerous railroad cases in which it has been so held. We have examined those cases, and it is our opinion that they are not applicable to the case at bar.

In the recent case of *Hughes v. Wabash R. Co.*, 342 Ill. App. 159, we discussed this same question at great length. We there cited from an opinion by MR. JUSTICE BRISTOW in the case of *Karlock v. New York Cent. R. Co.*, 333 Ill. App. 655, in which he pointed out that in the cases where the court has held as a matter of law that due care had not been proved and a verdict for the defendant was directed, the view of the approaching train was unobstructed, or there was evidence that the plaintiff deliberately speeded up after he had seen

the train. We believe that this explanation for the cases clearly distinguishes them from the case at bar. As pointed out above, the view of the plaintiff in this case was obstructed until he was within five to ten feet of the track. The case of *Hughes v. Wabash R. Co., supra,* is not an authority sustaining the position of the defendant in this case, as that case was reversed and remanded solely on the ground that error had been committed in allowing the expert witness to express an opinion on the very subject which was the . question for the jury to determine. We specifically rejected the contention of the defendant in that case that the plaintiff had been guilty of contributory negligence as a matter of law.

■ We refer again to the case of *Pokora v. Wabash Ry. Co.,* 292 U. S. 98, 78 L. Ed. 1149, 54 S. Ct. 580, in which MR. JUSTICE CARDOZO stated that the majority of courts adopt the rule that the traveler must look and listen, but that the existence of the duty to stop depends on the circumstances, and hence generally, if not inevitably, upon the judgment of the jury. JUSTICE CARDOZO states that there is need for caution in framing standards of behavior that amount to rules of law. We believe that the question of contributory negligence in this case was for the jury to decide.

In *Carrell v. New York Cent. R. Co.,* 384 Ill. 599, there was no obstruction within 65 feet south of the tracks and there was a clear view to the east, the direction from which the train was approaching, of 705 feet. In that case the Supreme Court said that the plaintiff was not justified in closing his eyes or failing to look. Such is not the evidence here. The evidence is that the plaintiff continued to look toward the direction from which the train was approaching at all times.

In the case of *Monken v. Baltimore & O. R. Co.,* 342 Ill. App. 1, the evidence showed that from a spot 25 feet north of the track one could see 3,000 feet down

the track in the direction from which the train was approaching.

The same point is covered in the following instruction which was offered by the defendant and which the trial court refused to give:

"The court instructs you that if you believe from the evidence that plaintiff's car and the defendant's train were both approaching the crossing at the same time, it was not the duty of the railroad company to stop its train or have it under such control as to be able to stop and avoid a collision; but it was the duty of the plaintiff to stop his car and not attempt to pass in front of the approaching train."

If the trial court believed that this was a proper instruction, then it should have directed a verdict for the defendant, as the instruction baldly states that it was the duty of the plaintiff to stop his car, which he did not do. In support of their argument, plaintiff cites *Newell v. Cleveland, C. C. & St. L. Ry. Co.*, 261 Ill. 505; *Franks v. Baltimore & O. S. W. R. Co.*, 269 Ill. App. 129; *Williams v. Pennsylvania R. Co.*, 235 Ill. App. 49; and *Carrell v. New York Cent. R. Co.*, supra.

In no one of these cases was this rule of law offered as an instruction, and the propriety of giving it as an instruction was not discussed by the court. It was stated as the rule of law that was applicable to the facts in each of those cases. In the *Franks* case, *supra,* the *Williams* case, *supra,* and the *Carrell* case, *supra,* there was no obstruction. In the *Newell* case, *supra,* there was nothing to indicate that the crossing was obstructed, and the main issue in the case was whether an instruction that was given with reference to due care and caution where there were no eye-witnesses to the accident, was a proper instruction.

██ This proposed instruction embodies within it the assumption that the plaintiff had knowledge or should have had knowledge of the approaching train, and it is not applicable to a case of this nature where

the view of the crossing was obstructed and where there was evidence that the train did not give warning of its approach.

The rule may be applicable in a case where there is a clear view of the crossing and the plaintiff knows or should know of the existence of the approaching train, but it is not applicable to the case at bar.

Furthermore, the court did give the following instruction: "The court instructs you that the engineer of the defendant's train had a right when he first saw the plaintiff Monroe approaching the track to act on the presumption that the driver, plaintiff Monroe would refrain from going on to the track in front of a train, or putting himself in a place of danger; and the engineer is not required to try to stop the train until it becomes apparent to him that the driver of the car will not heed to signals given by the train, if you believe from a preponderance of the evidence that such signals were given."

While this instruction may not have covered each and every element that was covered in the proposed instruction, it nevertheless did set forth the rule of law that the engineer was not required to stop the train until it became apparent that the driver would not heed to signals given by the train.

■■ As stated in the case of *Blumb v. Getz,* 366 Ill. 273, at page 277:

"The question of contributory negligence is one which is preeminently a fact for the consideration of a jury. It cannot be defined in exact terms and unless it can be said that the action of a person is clearly and palpably negligent, it is not within the province of the court to substitute its judgment for that of a jury which is provided for the purpose of deciding this as well as the other questions in the case."

■■ A trial by jury is a constitutional right and juries should decide disputed questions of fact.

313

The judgment of the circuit court of Sangamon county is affirmed.

*Judgment affirmed.*