James P. Moore, Administrator of Estate of Paul Naleway, Deceased, and Administrator of Estate of Sharon Gesky, Deceased, Plaintiff-Appellee, v. North Chicago Refiners and Smelters, Inc., Defendant-Appellee.

Gen. No. 10,579.

Opinion filed April 1, 1952. Rehearing denied May 7, 1952. Released for publication May 7, 1952.

JAMES MOORE, of Waukegan, for appellant.

HALL, MEYER & VAN DEUSEN, of Waukegan, for appellee; LLOYD A. VAN DEUSEN, of Waukegan, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

On Sunday, August 13, 1950, Paul Naleway and Sharon Gesky both aged four years, were drowned in a pond of water on the property of the defendant, North Chicago Refiners and Smelters, Inc. A suit was brought under the wrongful death statute to recover damages. The suit was started in the circuit court of Lake county. A hearing was before a jury. At the conclusion of the evidence offered on behalf of the plaintiff, the court granted the motion of the defendant for an instructed verdict, and in obedience to that instruction, a verdict was returned finding the defendant not guilty. Judgment was rendered in bar of the action, and to reverse that judgment this appeal is prosecuted.

The theory of the plaintiff is that the pond and its contents constituted an attractive nuisance; that it is a dangerous instrumentality; that it was so located as to attract children; that the defendant, with knowledge that children were in the habit of resorting to the pond, for play or amusement and not having used reasonable care to protect them from the danger, is liable in an action of this character.

The evidence discloses that the E. J. & E. Railroad with a rather high embankment bounds this property on the north. There is a pond approximately fifteen feet wide and two hundred feet long south of this railroad embankment and approximately two hundred feet south of the embankment, and on the south side of the pond is Broadway Avenue. This is the nearest public street to the pond. Various paths cross the property of the defendant and one proceeds along the bank of the pond, and the public generally were permitted to use these paths. The defendant had knowledge of this and that children also used these paths and visited the pond. On the pond was considerable rubbish which included two small rafts, an old automobile tire, and a motor-scooter tire and some old fluorescent bulbs were on the bank nearby. The pond is used for cooling purposes at the plant of the defendant. The water is pumped from the pond to the plant, and then comes back by gravity. The water leaves the pond through a wooden sluiceway and has a current above two miles per hour. There is no question but that children had frequently played around this pond, and that these two small children were drowned therein. The evidence clearly shows that the company, through its manager, was aware that small children had been playing around the pond. There were no warning signs of danger at the pond. There is some evidence that the railroad company maintained some warning signs of ''danger'' and

"no trespassing" on their right of way, but there were no signs of the dangerous condition of the pond.

It is conceded by both parties that if there is any evidence that tends to sustain the action of the plaintiff, that then the case should be submitted to the jury and all reasonable intendments from the evidence must be in favor of the plaintiff's case. The question then arises, was there any evidence in this record that tends to show that this pond in question was an attractive nuisance as described by our courts.

 In the case of *Ramsay v. Tuthill Bldg. Material Company*, 295 Ill. 395, our Supreme Court has clearly stated the law relative to the duty that an owner of premises owes to minor children. Therein we find this language: "The law does not require the owner of premises to keep them in a safe condition for persons who come upon them without invitation, either express or implied, and merely for their own pleasure or to gratify their curiosity. An exception, however, to this general rule exists in favor of children. Although a child of tender years who meets with an injury upon the premises of a private owner may be a technical trespasser, yet the owner may be liable if the things causing the injury have been left exposed and unguarded and are of such a character as to be an attraction to the child, appealing to his childish curiosity and instincts. Unguarded premises which are thus supplied with dangerous attractions are regarded as holding out implied invitations to such children. 'The owner of land where children are allowed or accustomed to play, particularly if it is unfenced, must use ordinary care to keep it in safe condition, for they, being without judgment and likely to be drawn by childish curiosity into places of danger, are not to be classed with trespassers, idlers and mere licensees.' " *City of Pekin v. McMahon*, 154 Ill. 141.

"It is not necessary, to make a defendant liable, that the attractive and dangerous thing should be visible from the street and that children should have been attracted to the premises by it. If an owner maintains dangerous conditions upon his premises to which he permits children to come he must use ordinary care to guard them against danger which their youth and ignorance prevent them from appreciating. There is no implied invitation from the mere existence of a dangerous attraction which is not discoverable off the premises, but if to the knowledge of the owner children habitually come upon his premises where a dangerous condition exists to which they are exposed, the duty to exercise care for their safety arises, not because of an implied invitation but because of his knowledge of unconscious exposure to danger which the children do not realize."

██ The appellee has cited numerous cases which have held that under the circumstances in each particular case the court has held that the evidence did not sustain the charge of the defendant maintaining an attractive nuisance. On the other hand the appellant has cited numerous cases where the judgments have been sustained. We have examined all these cases and while it is difficult to distinguish some of them, there is some circumstance in each case that is different from the others. In the present case there is no question about the presence of the pond and that there were two rafts, old oil drums and the tires on it, and the fluorescent bulbs nearby. Any of these articles would be attractive to a child. There is also evidence that the defendant company had knowledge that small children had been in the habit of playing around the pond. This accident occurred in August when the weather was hot and water in a pond like this would be more attractive to children at this time of year.

Under the circumstances as developed by the evidence in this case, it is our conclusion that the plaintiff made out a case which should have been submitted to the jury, and the court erred in directing a verdict for the defendant. The judgment of the trial court, therefore is reversed and the cause remanded for a new trial.

*Reversed and remanded.*