**Cleata HINTON, Plaintiff,**

v.

**CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, Defendant.**

**Civ. A. P–2082.**

United States District Court
S. D. Illinois, N. D.

April 24, 1959.

Lyle Allen, Heyl, Royster & Voelker, Peoria, Ill., for plaintiff.

Eugene R. Johnson and David A. Nicoll, Miller, Westervelt & Johnson, Peoria, Ill., for defendant.

MERCER, Chief Judge.

Upon the trial of this cause for damages for personal injury, the jury returned a general verdict for plaintiff awarding her damages in the sum of $10,000.

Defendant has now moved for judgment notwithstanding the verdict upon the grounds that its motions for directed verdict presented at the close of plaintiff's evidence and at the close of all of

the evidence, should have been allowed, that plaintiff's proof failed to establish any negligence on the part of defendant and that plaintiff failed to prove that at the time of her injury she was in the exercise of due care and caution for her own safety. One further ground for the motion will be set forth and discussed subsequently herein.

Plaintiff, a resident of Peoria, Illinois, went to Chicago to do some shopping. Her shopping done, she boarded defendant's train at Chicago for transportation back to Peoria. While attempting to alight from the train at Peoria, with her arms laden with packages containing her Chicago purchases, plaintiff fell from the vestibule of one of the cars of the train to the station platform, thereby sustaining injuries to her person. The above facts are not in dispute and they form the general basis for this cause of action. In summary, plaintiff's testimony of the occurrence is the following: when the train stopped at the Peoria station, plaintiff entered the vestibule of the car in which she had been riding to alight from the train; she was carrying a number of parcels in her arms; several other persons who were passengers on the train entered the vestibule with, and behind, her; and, as she entered upon the steps of the car to alight, someone behind her pushed or jostled her, whereupon she lost her balance and fell down the steps of the car to the station platform.

Defendant's motions for a directed verdict were denied and the case was submitted to the jury upon this court's determination that the jury could reasonably find, upon all of the evidence, that defendant negligently permitted an overcrowding of the vestibule, and that the condition proximately resulted in plaintiff's injury.

The legal principles applicable to this cause are well settled by decisions of the Illinois Supreme Court. Carriers of passengers are held to the highest degree of care, skill and diligence for the safety of their passengers which is consistent with the mode of conveyance employed. Lundquist v. Chicago Railways Co., 305 Ill. 106, 110, 137 N.E. 92; Walsh v. Chicago Railways Co., 294 Ill. 586, 128 N.E. 647. In the latter case, the plaintiff sustained injuries when she fell while attempting to alight from the defendant's car, her testimony indicating that she had been pushed by persons behind her who were alighting at the same car stop. The appeal from a judgment on a verdict for plaintiff was predicated upon averred absence of proof of negligence on the part of the defendant and upon the theory that the evidence proved that the plaintiff's injury proximately resulted from the actions of third persons in pushing her. The court, in holding that the case had properly been submitted to the jury, stated the applicable principle of law in the following language:

"A street railway company in operating its cars through its servants is required to do all that human care, vigilance, and foresight can reasonably do, in view of the character and mode of conveyance adopted and consistent with the practical operation of the road, to carry safely a passenger. * * * And this same rule necessarily applies to passengers while entering and alighting from cars. * * * The exposure of a passenger to danger which the exercise of reasonable foresight would have anticipated and due care avoided is negligence on the part of the carrier; and whether the overcrowding of cars is negligence is a question of fact, * * * unless the insufficiency or the clear and undisputed character of the evidence makes it a question for the court." 294 Ill. at pages 591–592, 128 N.E. at page 649.

In the instant case there was testimony upon which, if the same were believed, the jury might predicate a finding that defendant was negligent in permitting an overcrowding of the vestibule of its car. While it is true that conflicting inferences might be drawn from all

of the evidence, the resolution of fact questions thereby raised was properly the function of this jury under our system of jurisprudence. Where upon all of the evidence reasonable minds might differ as to whether a carrier had exercised the required degree of care toward a passenger injured while alighting from the carrier's car, the question whether the facts testified to constitute negligence on the carrier's part is properly left to the jury. Lundquist v. Chicago Railways Co., supra, 305 Ill. at page 112, 137 N.E. 92. And the question whether plaintiff was contributorily negligent was also a question for the jury to determine from all of the circumstances surrounding this occurrence. Walsh v. Chicago Railways Co., supra.

What has been said with respect to the questions of defendant's negligence and plaintiff's contributory negligence applies with equal force to defendant's contention that the proof shows that plaintiff's injuries proximately resulted from the act of some third person in pushing her. In the Walsh case, a like contention was advanced and rejected by the court, the court stating, inter alia, as follows:

> "If a carrier fails in his duty to a passenger he is responsible for the consequences of his negligence, although the negligence or misconduct of a third person contributes to the injury. When an injury was occasioned by the joint negligence of several, the person injured, if not himself in fault, may have his action against all or either of the persons causing the injury. * * * The action of the passengers, according to the testimony of defendant in error, took place concurrently with the carrier's conduct in overcrowding the car, and under the authorities cannot reasonably be said to alter or lessen plaintiff in error's liability." 294 Ill. at pages 594–595, 128 N.E. at page 650.

In this case the jury could reasonably conclude, upon all of the evidence, that defendant negligently permitted an overcrowded condition with respect to the vestibule of its car, that plaintiff was not guilty of contributory negligence and that defendant's negligence was the proximate cause of plaintiff's injuries. The evidence here is not in such a state that the court must say, as a matter of law, that plaintiff has failed to prove her case and that a "verdict in movant's favor should have been directed." Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251, 61 S.Ct. 189, 194, 85 L.Ed. 147. Judgment for defendant notwithstanding the verdict, therefore, is not warranted.

■ The conclusion reached above does no violence to the general principle that a carrier is under no duty to assist passengers in boarding or alighting from its cars. A duty to assist may nevertheless arise when surrounding circumstances are such that a carrier's employees can see that the exercise of ordinary care would require them to render assistance. 10 Am.Jur., Carriers, § 1376, p. 228. Furthermore, a breach of duty might yet be found in a situation of overcrowding irrespective of the existence of any duty to assist the passenger.

■■ Finally, defendant invokes the provisions of Rule 49(b), F.R.Civ.P., 28 U.S.C.A., contending that judgment should be entered in its favor upon the jury's answer to a special interrogatory. At defendant's request, a special interrogatory was submitted to the jury as follows, to-wit: "Was the train of the defendant involved herein overcrowded. The Jury will answer this Interrogatory 'Yes' or 'No'." With the general verdict for plaintiff, the jury returned its negative answer to the interrogatory. Defendant contends that the negative answer to that interrogatory and the general verdict for plaintiff are incompatible and that it is entitled to judgment in its favor under the provisions of Rule 49(b).

That Rules provides, in pertinent part:

> "The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more

*issues of fact the decision of which is necessary to a verdict. * * * When the answers [to written interrogatories] are consistent with each other but one or more is inconsistent with the general verdict, the court may direct the entry of judgment in accordance with the answers, or may return the jury for further consideration of its answers and verdict or may order a new trial. * * *"* (Emphasis supplied.)

The emphasized language governs the necessary interpretation of the Rule. To permit the court to disturb the general verdict upon application of the Rule, it must appear that the answer to the special interrogatory is not only inconsistent with the verdict, but, also, that the interrogatory relates to a factual issue which the jury must necessarily have decided in reaching its verdict. Cf., Mohr v. Toledo P. & W. R. Co., 7 Cir., 232 F.2d 869, 872. In the face of seeming conflict between an answer to a special interrogatory and a general verdict, it is the duty of a trial court to reconcile the two findings of the jury if reconciliation thereof be possible. Golden North Airways v. Tanana Publishing Co., 9 Cir., 218 F.2d 612.

■ Here there is neither inconsistency between the general verdict and the jury's answer to the special interrogatory, nor necessity that the factual issue to which the interrogatory related have been decided by the jury in reaching its verdict. The evidence tending to indicate overcrowding related to the vestibule of one particular car of defendant's train, not to the train itself. Whether the train was overcrowded or practically empty has no relevant bearing upon conditions which existed in the vestibule at the time plaintiff fell and was injured. In either event a negligently-permitted, overcrowded condition could have existed had a sufficient number of such passengers as the train carried entered the vestibule at the same time as did plaintiff.

Defendant's reliance on the Golden North airways case, supra, is misplaced. The complaint in that case alleged that the defendant, Tanana, had caused injury to plaintiff, a non-scheduled Alaskan airline, by the publication of certain libelous matter which was defamatory of all non-scheduled Alaskan airlines. The theory of the plaintiff's case was group libel, viz., that plaintiff had been injured by the defamation of a small, homogenous group including itself. The cause was submitted to the jury for a special verdict in the form of interrogatories relating to each factual issue. In answer to the interrogatories, the jury found, first, that the number of non-scheduled airlines operating in Alaska at the time of the libelous publication was 5 to 10; second, that the libelous matter contained in the publication *did not* have reference to all airlines in that group; and, third, that the plaintiff had been injured by the publication and was entitled to damages therefor. In reversing a judgment for the plaintiff, the court held that the group of non-scheduled airlines found by the jury to exist was of sufficiently small size and homogeneity to make the group libel theory applicable to the case, but that plaintiff had not sustained the burden of proving its case in view of the jury's finding that the libelous publication did not refer to all members of that group. Thus, the Golden North decision is predicated upon the fact of a negative finding by the jury upon one of the issues which the plaintiff had to sustain in order to substantiate its claim and support the verdict and judgment in its favor.

In this case there is no inconsistency between the general verdict and the answer to the interrogatory. The evidence was sufficient to submit the case to the jury and the court may not disturb the jury's resolution of the issues. In view of the evidence as to the nature and extent of plaintiff's injuries, the court can not say, as a matter of law, that the verdict is excessive or against the manifest weight of the evidence. It is, therefore, ordered that defendant's motion for judgment notwithstanding the verdict be, and the same is hereby denied.