**LINDLEY TRUCKING SERVICE, INC.,**
a Corporation, (Plaintiff) Respondent,

v.

**WABASH RAILROAD COMPANY,**
a Corporation, (Defendant)
Appellant.

No. 30730.

St. Louis Court of Appeals.

Missouri.

July 18, 1961.

Motion for Rehearing or to Modify Opinion or to Transfer to Supreme Court Denied Sept. 5, 1961.

———◆———

John L. Davidson, Jr., Charles P. Lippert, St. Louis, for appellant.

William R. Kirby, Kirby & Lee, St. Louis, for respondent.

WOLFE, Judge.

This is an action for property damages occasioned when one of defendant's trains ran into a trailer owed by the plaintiff trucking company. There was a verdict and judgment for the plaintiff, and the defendant prosecutes this appeal.

The facts of the matter are that on July 25, 1957 a truck driver in the employ of the plaintiff trucking company was driving a tractor-trailer en route from Granite City, Illinois, to Des Moines, Iowa. He was transporting 33,000 lbs. of sheet steel. The tractor-trailer unit itself weighed 19,000 lbs. and was 42 feet in length. The driver traveled northwardly in Illinois until he reached Highway 104, where he turned westwardly toward Meredosia. He traveled through Meredosia and continued westwardly on 104 across a bridge spanning the Illinois River, and passed the junction of 104 with Highway 99. From the junction of the two highways, Highway 104 is up-grade, going over another bridge called the Channel Bridge. This is about 140 feet long, and its west end is about 145 feet from a point where the defendant's railroad track crosses the highway. The highway continues upgrade to the railroad crossing.

The railroad is a single track that runs in a northwest and southeast direction, and since the highway extends east and west, the tracks do not cross at a right angle. Brush and trees had grown up along the railroad right-of-way to within 10 feet of the highway. This brush extended along the right-of-way and up close enough to the tracks that some of the tree branches brushed the train as it passed. Photographs of the crossing were introduced, but these were taken after the brush had been cut. The plaintiff's driver was familiar with the crossing, having crossed it for some time as often as three times a week.

As the tractor-trailer was about in the center of the Channel Bridge, which would be about 218 feet from the railroad crossing, the driver looked to see if a train was approaching, but he could not see the tracks because of the brush. He heard no bell or whistle. At this time he was traveling at a speed which was between thirty and thirty-five miles per hour. He accelerated his speed slightly, and he said that he might have been traveling a mile or a mile and a half faster after he left the bridge. He did not look again until he was 42 feet from the crossing, and he then saw the headlight of an approaching train. He could see nothing but the headlight because of the brush. When he saw the headlight the train was 150 feet from the crossing, coming from northwest. It was impossible to stop the tractor in 42 feet, which was the tractor's distance from the track, so the driver attempted to get across the track before the train reached the crossing. He pushed the accelerator to the floor board, and all of his tractor-trailer unit except the last 12 feet of the trailer cleared the crossing when the train struck the trailer near the rear wheels. The trailer was knocked six to eight feet to the south, but swayed across the highway and was brought to a stop about 200 feet beyond the track. The accident occurred at about 6:10 in the afternoon.

The trailer had two sets of dual wheels toward the rear, and these were knocked out of line. The spring hangers were broken and the trailer frame was knocked out of line. The wheel on the tractor that

locks the trailer into a hauling position was broken off.

The defendant stood on its motion for a directed verdict maintaining, upon trial and here, that the plaintiff's driver was guilty of contributory negligence as a matter of law, and that the plaintiff could not therefore recover.

The parties are in agreement that the law applicable to the facts presented is the law of Illinois, and that under the Illinois law the plaintiff had the burden of proving that its driver was free from contributory negligence. O'Leary v. Illinois Terminal Railroad Company, Mo.Sup., 299 S.W.2d 873.

The issue is whether or not the facts, undisputed in any respect, were sufficient to submit to the jury the question of the driver's exercise of ordinary precaution while crossing the track. The appellant asserts that the facts are insufficient to prove this, and that, on the contrary, they proved that the driver was negligent as a matter of law. The respondent conversely asserts that under the Illinois law, the question is one for the jury where the view of the track is obstructed.

Considering, first, the position of the respondent, reliance is placed upon four Illinois cases. We are cited to Monroe v. Illinois Terminal R. Co., 346 Ill.App. 530, 105 N.E.2d 549. In that case the plaintiff had no view of the track in the direction from which the defendant's train approached until he was within five to ten feet of the track. He kept a constant watch and had slowed to ten or fifteen miles an hour with his car in second gear. He saw the train when it was first possible to see it; applied his brakes but was struck by the engine. The court held that the question of the driver's negligence was for the jury to determine.

Another case relied upon by the plaintiff-respondent is Hughes v. Wabash R. Co., 342 Ill.App. 159, 95 N.E.2d 735. This was an action by the administrator of an automobile driver to recover for the death of the driver which occurred when his car was struck by the defendant's train. In that case the view was obstructed to a great degree. Evidence was admitted showing the deceased was a careful man. There were no witnesses to the accident, but the court held, 95 N.E.2d loc. cit. 740:

"Further, it has always been recognized that in a case where there are no eye-witnesses, the showing of habits of due care on the part of the deceased, makes at least a prima facie case as to whether or not he was in the exercise of due care. Defendant is contending for a position under which it would be almost impossible for a plaintiff to recover where there are no eyewitnesses."

Quite similar to this in effect is the case of Randolph v. New York Central R. Co., 334 Ill.App. 268, 79 N.E.2d 301.

The case of Bales v. Pennsylvania R. Co., 347 Ill.App. 466, 107 N.E.2d 179, is also relied upon. This was another case of an obstructed view of the track where the plaintiff drove into the path of an oncoming train. The court stated, 107 N.E.2d loc. cit. 182: "The facts as stated reveal that the issue of whether [the] plaintiff is guilty of contributory negligence as a matter of law is one that is close." It went on to hold that the question of plaintiff's negligence was for the jury because the train was late and the plaintiff, knowing the schedule, thought it had passed some time before.

The striking difference between these cases and the instant case is that in the facts we are considering, the driver never decreased his speed as he approached the crossing but, on the contrary, increased it.

The Supreme Court of Illinois, in Moudy v. New York, C. & St. L. R. Co., 385 Ill. 446, 53 N.E.2d 406, loc. cit. 408–409, stated:

"When a railroad train and a person traveling on a highway each approach the crossing at the same time it is the

**628**

duty of the traveler, in obedience to the known custom of the country, to stop, and not attempt to pass in front of the advancing train. * * * It is clear that if the view of the crossing is obscured, and the location of the crossing is known to the traveler, it is his duty to approach the crossing with the amount of care commensurate with the situation as it exists. The claim that care and caution by any person has been exercised cannot be sustained, when the known facts disclose that ordinary care would have avoided the accident."

 This appears to be the law of Illinois as well as the law of Missouri. Pipes v. Missouri Pacific Railroad Company, Mo. Sup., 338 S.W.2d 30. At the same time the Moudy case, supra, was handed down the Supreme Court of Illinois also handed down Humbert v. Lowden, 385 Ill. 437, 53 N.E.2d 418, in which the court held that where the plaintiff was struck on a crossing protected by gates and the gates had not been lowered, the failure to lower the gates amounted to an invitation to cross and excused the plaintiff from the duty to look. Thus it appears in every crossing case that there must be some circumstance to support the finding of due care. As pointed out in Swenson v. Chicago, M., St. P. & P. R. Co., 336 Ill.App. 287, 83 N.E.2d 375, whether or not plaintiff becomes contributorily negligent as a matter of law depends on the facts in each case. Where there is no evidence of due care on the plaintiff's part, the court should direct a verdict for the defendant.

We must view the evidence in the light most favorable to the plaintiff, giving the plaintiff the benefit of all favorable and reasonable inferences. O'Leary v. Illinois Terminal Railroad Co., supra; Randolph v. New York Central R. Co., supra. This affords us no difficulty on the facts before us for we have only the plaintiff's evidence, and there is not in evidence a single act or circumstance from which the jury could find that the driver was exercising due care

for his own safety or the safety of the equipment that he was driving as he crossed the railroad track of the defendant.

We have carefully considered the Illinois cases and reached the conclusion that the court should have directed a verdict for the defendant.

The judgment is therefore reversed.

ANDERSON, P. J., and RUDDY, J., concur.